# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GIGAMEDIA ACCESS CORPORATION, | : | Case No. 19-12537 (KG) |
| | : | |
| Debtor. | : | **Objection Deadline: February 17, 2020 at 4:00 p.m.** |
| | : | **Hearing Date: TBD** |

## APPLICATION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE TO EMPLOY COZEN O'CONNOR AS SPECIAL COUNSEL TO THE TRUSTEE

Jeoffrey L. Burtch, the duly appointed Chapter 7 Trustee (the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), hereby applies to this Court for authority to employ the law firm of Cozen O'Connor ("Cozen O'Connor") as special counsel to the Trustee (the "Application") effective *nunc pro tunc* to December 5, 2019, and in support thereof avers as follows:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 327(a) and 328(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

### Background

4. On November 27, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

LEGAL\44216069\2 07998.0001.000/470505.000

5.  On December 4, 2019 Jeoffrey L. Burtch was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to Section 701 of the Bankruptcy Code.

## Relief Requested

6.  By this Application, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the employment and retention of Cozen O'Connor as special counsel to the Trustee.

7.  The Trustee requested that Cozen O'Connor commence performing services on December 5, 2019, and hereby requests that Cozen O'Connor's employment be authorized as of such date.

## The Employment and Retention of Cozen O'Connor

8.  The Trustee seeks authorization to retain Cozen O'Connor as special counsel to provide services to the extent necessary and as requested by the Trustee in connection with the matters described herein.

9.  Cozen O'Connor is a nationally recognized, full-service firm with bankruptcy, corporate, securities, finance, tax, employment, commercial litigation, insurance, and intellectual property capabilities. Moreover, Cozen O'Connor is well-qualified to represent the Trustee, as Cozen O'Connor's bankruptcy, restructuring and insolvency department has considerable experience in similar matters.

10. The Trustee believes that the employment of Cozen O'Connor as special counsel in this case is in the best interests of the estate and creditors. The Trustee believes, based upon the Affidavit of Mark E. Felger in support of Application of Jeoffrey L. Burtch, Chapter 7 Trustee, to Employ Cozen O'Connor as Special Counsel to the Trustee and Rule 2016(b) Statement (the "Felger Affidavit"), a shareholder of Cozen O'Connor, which is attached hereto,

that the firm is disinterested as defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor and the Debtor's estate, and is well-qualified to perform the legal services required by the Trustee on behalf of the estate.

11. The Trustee is also seeking, via separate application, to retain the Law Office of Susan E. Kaufman, LLC ("Kaufman") as his general counsel in this case. Cozen O'Connor will coordinate its services with Kaufman to avoid any unnecessary duplication of effort.

## Scope of Services

12. The Trustee currently seeks to retain Cozen O'Connor, subject to Court approval, as follows:

   A. To negotiate and obtain approval of post-petition financing to facilitate the administration of the Estate;

   B. To investigate and pursue claims or causes of action against insiders and third parties;

   C. To assist the Trustee in connection with the sale or other disposition of property of the Estate;

   D. To assist in the preparation of such pleadings, agendas, motions, notices, and orders and to appear for, prosecute, defend and represent the Trustee's interest in motions, contested matters, adversary actions, suits, and other proceedings as are required to carry out and execute upon the tasks for which Cozen O'Connor has been engaged; and

   E. To handle such other matters as the Trustee may require during the course of his administration of the Bankruptcy Case.

**Compensation**

13. In accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Cozen O'Connor on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Cozen O'Connor, as set forth in the Felger Affidavit, Cozen O'Connor's hourly rates are set a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by Cozen O'Connor from time to time. It is Cozen O'Connor's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for "working meals," and telecopy charges. Cozen O'Connor will charge the Trustee for these expenses in a matter and at rates consistent with charges generally made to its other clients.

14. Cozen O'Connor intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

15. Subject to approval by the Court, and in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Trustee proposes to pay Cozen O'Connor its customary hourly rates in effect from time to time, as set forth in the Felger Affidavit, and submit that such rates are reasonable. Additionally, the Trustee proposes to reimburse Cozen O'Connor for expenses incurred on behalf of the Trustee.

16. Notwithstanding the foregoing, the Trustee seeks authority to retain Cozen O'Connor to pursue certain claims and causes of action on a contingency fee basis for a fee up to thirty percent (30%) of the amount of any gross recovery by the Estate. The Trustee will file a notice, through his general counsel, should he enter into such an agreement with Cozen O'Connor.

### Notice

17. Notice of this Application has been provided to: (i) Debtor's counsel; (ii) the United States Trustee; (iii) the Debtor's known creditors; (iv) Kaufman; and (v) all parties in interest having requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

18. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, Jeoffrey L. Burtch, the Chapter 7 Trustee, respectfully requests that this Court enter the proposed Order attached hereto: (i) authorizing the retention of Cozen O'Connor as special counsel effective *nunc pro tunc* to December 5, 2019; and (ii) granting such other and further relief as is just and proper.

Dated: January 31, 2020

Jeoffrey L. Burtch, Chapter 7 Trustee
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7427

*Chapter 7 Trustee for the Estate of Gigamedia Access Corporation.*