# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : Chapter 7 : |
| GIGAMEDIA ACCESS CORPORATION, : Case No. 19-12537 (KBO) : |
| Debtor. : **Objection Deadline: March 10, 2020 at 4:00 p.m.** : **Hearing Date: March 17, 2020 at 1:00 p.m.** |

## MOTION OF JEOFFREY L. BURTCH, INTERIM CHAPTER 7 TRUSTEE, FOR AN ORDER: (I) AUTHORIZING POST-PETITION FINANCING; (II) PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM; AND (III) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, as interim chapter 7 trustee (the "Trustee") for the estate of the above-captioned debtor (the "Estate" of the "Debtor"), hereby moves this Court for an Order: (i) authorizing the Estate to obtain post-petition financing from Crystal Financial LLC ("Crystal"); (ii) providing a superpriority administrative claim to Crystal; and (iii) granting related relief. In support, the Trustee respectfully states:

### Jurisdiction, Core Nature, and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105, 362, 363, and 364 of Title 11 of the United States Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**Background**

4. On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

5. On December 4, 2019 Jeoffrey L. Burtch was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to Section 701 of the Bankruptcy Code.

6. The Debtor did not file bankruptcy Schedules ("Schedules") or the Statement of Financial Affairs ("SOFA") with the voluntary petition.

7. The Debtor described itself as being a "leading provider of secure, simple and visible document protection solutions for virtually any endpoint device- mobile or desktop."

8. Shortly after the Trustee's appointment, the Trustee scheduled a call with representatives of Huron Consulting Group ("Huron"). Huron advised the Trustee that prior to the Petition Date John DiDonato of Huron was appointed as the Chief Restructuring Officer of the Debtor. Huron informed the Trustee of certain improprieties alleged to have been committed by the Debtor's former management, and that the FBI visited the Debtor's headquarters in Herndon, Virginia and removed certain of the Debtor's hard copy and electronic books and records from the premises. Further, the Trustee was told that the case had been filed principally in an effort to preserve the ability of the Trustee to investigate and pursue avoidance claims and other claims against insiders and third parties.

9. Huron informed the Trustee that the Debtor's assets were as follows: (i) certain patents and other intellectual property; (ii) equity interest in Vaultize, an India-based company, acquired in 2019; (iii) furniture, fixtures and equipment located in Virginia; and (iv) various causes of action. Huron indicated that a very limited process was run prior to the filing to sell the business, without success.

10. The Debtor's pre-petition lender is Crystal. Crystal asserts that it is owed in excess of $25 million and that its claim is secured by all of the Debtor's pre-petition assets.

11. Crystal has expressed to the Trustee its desire for the Trustee to explore, among other things, whether the Debtor's assets can be sold to a third party and whether certain transfers made by the Debtor prior to the Petition Date are avoidable and recoverable for the benefit of the Estate.

12. The Trustee finds himself in the difficult setting in which the Debtor has not filed Schedules or the SOFA; the Debtor filed the case with no cash or other liquid assets; the Debtor's CEO and CFO are unavailable and accused of committing acts of malfeasance; and the FBI has confiscated certain books and records of the Debtor.

13. Recognizing the challenges in the administration of this case, Crystal has proposed to provide financing to the Trustee to enable the Trustee to engage Huron to complete the Schedules and SOFA; to maintain and store assets, including books and records of the Estate; and to retain counsel to investigate potential causes of actions.

14. After arm's length negotiations, the Trustee and Crystal have reached an agreement, subject to Court approval, for a loan to the Estate in the amount of $150,000 to provide necessary seed funding for the Trustee to begin to administer the case.

**Requested Relief**

15. Crystal has agreed to provide $150,000 of financing (the "Post-Petition Facility") to the Trustee on an unsecured basis to be used solely to fund the Estate's administration, including the payment of professionals employed by the Trustee.

16. Crystal has proposed, and the Trustee has agreed to, the following conditions precedent to Crystal's provision of financing:

      i. Entry of an Order, substantively in the form attached hereto as Exhibit "<u>A</u>", approving the Post-Petition Facility;

     ii. Findings by the Court that such financing is essential to the Estate, that Crystal is a good faith financier, and that Crystal's claims, superpriority claims, and other protections will not be affected by any subsequent reversal, modification, vacation, or amendment of an order approving this agreement or any other order, as provided in section 364(e) of the Bankruptcy Code; and

    iii. The retention of Huron, on terms to be mutually agreed upon by Crystal and the Trustee; and

    iv. The Trustee's having entered into an agreement with a storage facility or other service provider for the retention and storage of the server and books and records of the Debtor and the Estate, as applicable, on commercially reasonable terms.

17. The Post-Petition Facility provides for a per annum interest rate of 6.25%, accruing until the indefeasible repayment of all obligations in connection with the Post-Petition Facility (the "<u>Obligations</u>"). The Obligations are to be repaid <u>solely</u> from the proceeds received from the liquidation of property of the Estate.

18. In exchange for the financing, the Trustee and Crystal have agreed that, subject to Court approval, Crystal shall have a superpriority administrative expense in respect of the Obligations. Crystal will not extend post-petition credit to the Trustee absent the allowance of such superpriority administrative expense. The balance of the terms of the Post-Petition Facility are set forth in the form of Order that is annexed hereto as Exhibit "<u>A</u>" and incorporated herein by reference.

19. Under Local Rule 4001-2(a)(i), all financing motions must recite whether the requested financing includes provisions of the type identified in the Local Rules. This Local Rule identifies eight areas of concern that must be highlighted. The Trustee is pleased to report that the proposed financing does not contain any of the identified provisions. Moreover, the Trustee believes that the proposed terms are generally quite favorable to the Estate.

4

**Analysis**

**Authority to obtain post-petition financing on a superpriority basis pursuant to 11 U.S.C. § 364**

20.     Pursuant to 11 U.S.C. § 364(c)(1),

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title.

21.     Federal Rule of Bankruptcy Procedure 4001(c) governs the approval of post-petition financing. Rule 4001(c)(2) provides that the Court may authorize a Trustee to obtain post-petition financing on a final basis after a hearing on at least fourteen days' notice. The Trustee shall provide more than fourteen days' notice to known creditors.

22.     As noted above, the Debtor has not filed its Schedules or the SOFA, and the Trustee is unaware of any funds held in bank accounts maintained by the Debtor. Upon information and belief, the sole source of assets for the administration of the Estate involves a possible sale of the Debtor's business assets (although no sale is in prospect at this time) and any proceeds generated from the pursuit of avoidance actions and other causes of action.

23.     Without entering into the Post-Petition Facility, the Trustee will lack the funds necessary to have the Schedules and SOFA prepared, to conduct a 341 creditors' meeting, and otherwise proceed with the administration of the Estate.

24.     Based upon the Trustee's preliminary review of potential causes of action, and the advice of his professionals, he has reason to believe that he will be able to generate sufficient proceeds from the causes of action to repay the Post-Petition Facility and generate a dividend to creditors.

25. Further, in light of the unsecured nature of this loan and the other generally favorable terms for the Estate, the Trustee believes that he would not be able to locate any other lenders willing to provide the Estate with financing on better terms than this low interest unsecured loan.

26. Consequently, the Trustee respectfully submits that approval of the Post-Petition Facility is in the Estate's best interests.

## **Notice**

27. Notice of this Motion has been given to: (i) The Office of the United States Trustee; (ii) the Debtor; (iii) counsel to Crystal; (iv) Huron Consulting Group; (v) all known creditors; and (vi) all parties who have requested notices pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests entry of the Order in the form annexed hereto (i) authorizing post-petition financing on a superpriority basis pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (ii) providing a superpriority administrative claim to Crystal; and (iii) granting such other relief as is just and proper.

Dated: February 18, 2020        COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 295-2000
Facsimile:   (302) 295-2013

*Proposed Special Counsel to the Jeoffrey L. Burtch, Interim Chapter 7 Trustee*