**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GIGAMEDIA ACCESS CORPORATION, | : | Case No. 19-12537 (KBO) |
| | : | |
| Debtor. | : | **RE: Docket No.** __32__ |
| | : | |

**ORDER (1) AUTHORIZING POST-PETITION FINANCING,
AND (2) PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM**

Upon the motion (the "*Financing Motion*"), dated February 18, 2020 [Docket No. 32], of Jeoffrey L. Burtch, in his capacity as the chapter 7 trustee (the "*Trustee*") of the estate (the "*Estate*") of GigaMedia Access Corporation (d/b/a Giga Trust) (the "*Debtor*"), pursuant to sections 105, 362, 363, and 364 of title 11 of the United States Code (the "*Bankruptcy Code*") and in accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), in the above-captioned voluntary chapter 7 case (the "*Chapter 7 Case*"), for entry of an order (this "*Order*"), granting the following relief on a final basis:

    **(I)**     **Post-Petition Financing**

        (A)     Authorizing the Estate to obtain $150,000.00 in post-petition financing (the "*Post-Petition Facility*"), funded by Crystal Financial LLC, in its capacity as the lender and secured party (the "*Lender*"), which amounts may be used solely to fund the Estate's liquidation, including the payment of professionals employed by the Trustee; and

        (B)     Providing, on a final basis, to the Lender the following claims:

                (i)     A superpriority administrative claim status in respect of all obligations in connection with the Post-Petition Facility hereunder (collectively, the "*Obligations*");

and the Court having reviewed the Financing Motion and having held a hearing with respect to the Financing Motion on March 13, 2020 (the "*Hearing*"); and upon the Financing Motion and the record of the Hearing, and all objections, if any, to the entry of this Order having been withdrawn, resolved, or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefor upon the Financing Motion and the record of the Hearing and all objections, if any, to the entry of this Order having been withdrawn, resolved, or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**I.     Procedural Findings of Fact.**

A.     **Petition Date.**  On November 27, 2019 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "*Court*").  Jeoffrey L. Burtch was appointed the Trustee to administer the Estate.

B.     **Jurisdiction and Venue.**  This Court has jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(b) and 1334, and over the persons and property affected hereby. Consideration of the Financing Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Chapter 7 Case and proceedings on the Financing Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     **Notice.**  The Hearing is being held pursuant to the authorization of Bankruptcy Rule 2002, 4001(b), (c), and (d) and 9014, and the Local Rules.  Notice of the Hearing and the relief requested in the Financing Motion has been provided by the Trustee to certain parties in interest, including: (i) the Office of the United States Trustee; (ii) attorneys for Crystal Financial LLC and

(iii) all creditors of record. Under the circumstances, such notice of the Hearing and the relief requested in the Financing Motion is due, proper, and sufficient notice and complies with Bankruptcy Rules 2002 and 4001 and the Local Rules.

## II.     Findings Regarding the Post-Petition Financing.

        D.     **Need for Post-Petition Financing**. An immediate need exists for the Trustee to obtain funds from the Post-Petition Facility in order to administer the Estate. Without the Post-Petition Facility, the Trustee would have no funds with which to administer the Estate and would have to suspend administration of the Estate and potentially dismiss the Chapter 7 Case.

        E.     **No Credit Available on More Favorable Terms**. The Trustee has been unable to obtain financing on more favorable terms. The Estate is unable to obtain credit for borrowed money without granting to the Lender the Financing Superpriority Claim (as defined below).

        F.     **Conditions Precedent to Lender's Extension of Financing.** The Lender has indicated a willingness to provide financing to the Trustee subject to the following:

        (1)     entry of this Order, and

        (2)     findings by this Court that such financing is essential to the Estate, that the Lender is a good faith financier, and that the Lender's claims, superpriority claims, and other protections granted pursuant to this Order will not be affected by any subsequent reversal, modification, vacation, or amendment of this Order or any other order, as provided in section 364(e) of the Bankruptcy Code, and

        (3)     retention of Huron Consulting Group on terms which shall be mutually agreed upon by the Trustee and the Lender, and

        (4)     the Trustee having entered into an agreement with a storage facility or other service provider for the retention and storage of the server and books and records of the Debtor and the Estate, as applicable, on commercially reasonable terms.

        G.     **Business Judgment and Good Faith Pursuant to Section 364(e) of the Bankruptcy Code.** The terms and conditions of the Post-Petition Facility (i) are fair, reasonable,

and the best available under the circumstances, (ii) reflect the Trustee's exercise of prudent business judgment consistent with its fiduciary duties, and (iii) are supported by reasonably equivalent value and consideration.  The Post-Petition Facility was negotiated in good faith and at arms' length between the Trustee and the Lender, and the use of the proceeds to be extended under the Post-Petition Facility will be so extended in good faith, and for valid business purposes and uses, as a consequence of which the Lender is entitled to the protections and benefits of section 364(e) of the Bankruptcy Code.

       H.    **Relief Essential; Best Interest.**  The relief requested in the Financing Motion (and as provided in this Order) is necessary, essential, and appropriate for the continuation of the Chapter 7 Case.  It is in the best interest of the Estate that it be allowed to enter into the Post-Petition Facility.  The Trustee, on behalf of the Estate, has demonstrated good and sufficient cause for the relief granted herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The Financing Motion is granted in accordance with the terms and conditions set forth in this Order.

**I.**    **POST-PETITION FINANCING.**

    A.    **Approval of Entry into the Post-Petition Financing Facility.**

    2.    The Trustee, on behalf of the Estate, is expressly and immediately authorized, and empowered to incur and to perform the Obligations in accordance with, and subject to, the terms of this Order, and to execute and deliver all instruments, certificates, agreements, and documents which may be required or necessary for the performance by the Trustee, on behalf of the Estate, under the Post-Petition Facility.  The Trustee, on behalf of the Estate, is hereby authorized to do and perform all acts, pay the principal, interest, fees, expenses, and other amounts described herein as such become due and payable.  Upon the entry of this Order and the receipt of the $150,000.00

4

loan proceeds, the Obligations shall represent valid and binding obligations of the Estate enforceable against the Estate in accordance with their terms.

      **B.**      **Authorization to Borrow; Applicable Interest.**

      3.      In order to enable it to continue to administer the Estate's assets during the Chapter 7 Case and subject to the terms and conditions of this Order, the Trustee, on behalf of the Estate, is hereby authorized under the Post-Petition Facility to borrow a total committed amount of $150,000.00. Until the indefeasible repayment in full, in cash, the Obligations shall accrue interest as a per annum rate equal to 6.25% to the rate of interest calculated pursuant to the provisions of 28 U.S.C. § 1961. Upon the Trustee's written request and the satisfaction of the conditions precedent, Lender shall promptly deliver the proceeds of the Post-Petition Facility to an account designated by the Trustee.

      **C.**      **Application of Proceeds.**

      4.      The proceeds of the Post-Petition Facility shall be used, in each case in a manner consistent with the terms and conditions of this Order, solely to fund the Estate's administration, including the payment of professionals employed by the Trustee.

      **D.**      **Conditions Precedent.**

      5.      The Lender shall have no obligation to make this loan, unless the conditions precedent to make such loan set forth herein have been satisfied in full or waived.

      **E.**      **Protection of the Lender and Other Rights.**

      6.      (a) From and after entry of this Order, the Trustee, on behalf of the Estate, shall use the proceeds of the extensions of credit under the Post-Petition Facility only for the purposes of paying the fees and costs of Huron, Trustee's counsel, and any other professional retained by the Trustee, and the fees and costs to store and ultimately destroy the Estate's books and records and computer equipment. The Trustee shall provide the Lender a monthly report, in reasonable detail,

5

of all receipts and collections of the Estate for the immediately preceding month. For the avoidance of doubt, the Trustee shall not be allowed to use any proceeds of the Post-Petition Facility (a) in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) adverse to or against the interests of the Lender or the Prepetition Lender, (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, any of the Obligations or the Prepetition Debt, (iii) for monetary, injunctive or other affirmative relief against the Lender or the Prepetition Lender or their respective collateral, (iv) asserting that the value of the Prepetition Collateral is less than the Prepetition Debt, or (v) to pursue litigation against the Lender or the Prepetition Lender; (b) objecting to or challenging in any way the claims, liens, or interests held by or on behalf of the Lender or the Prepetition Lender; or (c) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, any actions under Chapter 5 of the Bankruptcy Code, against the Lender or the Prepetition Lender.

(b) The identity of any professional, broker or other person retained by the Trustee for the purpose of investigating and settling or litigating any claims or causes of action under Chapter 5 of the Bankruptcy Code (or any analogous provisions of state law) or assisting the Trustee in the sale of any property of the Estate (including intellectual property) and the terms of any such retention shall be discussed with the Lender prior to the filing of any retention motion with the Court or the entry of any contract or other agreement by the Trustee for such purpose. The Trustee also shall consult with the Lender prior to entering into any settlement of a claim or cause of action of the Estate (including any claim or cause of action under Chapter 5 of the Bankruptcy Code) or filing a motion to approve such a settlement, if any such claim or cause of action has a face amount in excess of $25,000.

### F.  Superpriority Administrative Claim Status.

7. All Obligations shall be an allowed superpriority administrative expense claim (the "***Financing Superpriority Claim***") with priority in the Chapter 7 Case under sections 364(c)(1), 503(b), and 507(b) of the Bankruptcy Code; *provided, however*, that the Financing Superpriority Claim shall not be payable from the proceeds of the Post-Petition Facility.

8. Other than as set forth herein, no costs or expenses of administration, including, without limitation, professional fees allowed and payable under sections 328, 330, and 331 of the Bankruptcy Code, or otherwise, that have been or may be incurred in the Chapter 7 Case, and no priority claims are, or will be, senior to, prior to, or on a parity with the Financing Superpriority Claim or the Obligations.

## II. RESERVATION OF CERTAIN THIRD PARTY RIGHTS AND BAR OF CHALLENGES AND CLAIMS.

9. Nothing in this Order shall prejudice whatever rights any party-in-interest with requisite standing (other than the Trustee, on behalf of the Estate) may have against the Prepetition Lender; ***provided, however*** that:

   (a) any challenge or objection raised by any such party, or any order granting or permitting (whether in whole or in part) any such challenge or objection to the Stipulations, including an objection or challenge to (i) the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Lender in and to the Prepetition Collateral, or (ii) the validity, allowability, priority, status, or amount of the debt owing on account of the Prepetition Financing Documents (the "***Prepetition Debt***"), or

   (b) any claim, suit or action against the Prepetition Lender in connection with or related to the Prepetition Debt, or the actions or inactions of the Prepetition Lender arising out of or related to the Prepetition Debt, or any order allowing such claim, suit or action (whether in whole or in part);

shall not affect, modify, subordinate or impair the validity, extent, perfection, enforceability, status or priority of the Obligations, each of which shall remain in full force and effect.

**III.    REPAYMENT OF POST-PETITION FACILITY, EVENT OF DEFAULT, AND REMEDIES.**

    **A.    Repayment of Post-Petition Facility.**

10.    The Trustee shall repay the Obligations as and when proceeds are collected from the liquidation of property of the Estate, including all claims and causes under Chapter 5 of the Bankruptcy Code and all recoveries and settlements thereof. No proceeds from the liquidation of property of the Estate shall be used for any other purpose until the Obligations have been indefeasibly repaid in full and in cash, absent the written consent of Lender.

    **B.    Events of Default**.

11.    Any of the following shall constitute an "*Event of Default*":

    (a)    the failure to remit proceeds from the liquidation of property of the Estate and the proceeds from any claims and any claims or causes under Chapter 5 of the Bankruptcy Code in payment of the Post-Petition Facility within ten (10) days of indefeasible receipt of such funds; and

    (b)    the entry of any order described in Paragraph 16 hereof.

12.    Unless and until the Obligations have been indefeasibly repaid in full in cash (or other arrangements for payment of the Obligations satisfactory to the Lender in its sole and absolute discretion have been made) the protections afforded to the Lender pursuant to this Order, and any actions taken pursuant thereto, shall survive dismissal of this Chapter 7 Case and the Financing Superpriority Claim shall continue in the Chapter 7 Case and such Financing Superpriority Claim shall maintain its respective priority as provided by this Order.

    **C.    Rights and Remedies Upon Event of Default.**

13.    Any automatic stay otherwise applicable to the Lender is hereby modified so that (i) after the occurrence of any Event of Default hereunder and (ii) at any time thereafter during the continuance of such Event of Default, upon **five (5) days** prior written notice of such occurrence, in each case given to each of (x) the Trustee, (y) counsel to the Trustee, and (z) the Office of the

United States Trustee, the Lender shall be entitled to seek an emergency hearing before this Court to exercise its rights and remedies in accordance with this Order and applicable law.

### D. No Waiver of Remedies.

14. The delay in or the failure of the Lender to seek relief or otherwise exercise their rights and remedies shall not constitute a waiver of any of the Lender's rights and remedies. Notwithstanding anything herein, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair the rights and remedies of the Lender under the Bankruptcy Code or under non-bankruptcy law, including without limitation, the rights of the Lender to exercise any of the rights, claims, or privileges (whether legal, equitable, or otherwise) the Lender may have.

## IV. CERTAIN LIMITING PROVISIONS.

### A. Proceeds of Subsequent Financing.

15. Without limiting the provisions and protections herein, if at any time prior to the irrevocable repayment in full of all Obligations and the termination of the Lender's obligations to make loans and advances under the Post-Petition Facility, the Estate, the Trustee, any examiner with enlarged powers, or any responsible officer subsequently appointed, shall obtain credit or incur debt pursuant to sections 364(c)(1) or 364(d) of the Bankruptcy Code, then all of the cash proceeds derived from such credit or debt and all Cash Collateral shall immediately be turned over to the Lender and applied in reduction of the Obligations until such Obligations have been indefeasibly paid in full in cash.

### B. Prohibited Orders.

16. Unless the Lender has provided its prior written consent or all Obligations have been indefeasibly paid in full in cash (or will be indefeasibly paid in full in cash upon entry of an order approving indebtedness described in Paragraph 15 above, or other arrangements for the

payment of the Obligations satisfactory to the Lender in its sole and absolute discretion have been made), there shall not be entered in the Chapter 7 Case any order which authorizes any of the following, it being understood that such entry shall constitute an Event of Default hereunder:

> (a) Any modification, stay, vacation or amendment to the Order to which the Lender has not consented;
>
> (b) A priority claim or administrative expense or unsecured claim against the Estate (now existing or hereafter arising or any kind or nature whatsoever, including, without limitation, any administrative expense of the kind specified in sections 105, 326, 328, 330, 331, 364(c), 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 or 1114 of the Bankruptcy Code) equal or superior to the Financing Superpriority Claim of the Lender in respect of the Obligations; or
>
> (c) Any lien is granted on any property of the Estate.

**V.    OTHER RIGHTS AND OBLIGATIONS.**

**A.    Good Faith Under Section 364(e) of the Bankruptcy Code. No Modification or Stay of this Order.**

17.    Based on the findings set forth in this Order, and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the Post-Petition Facility contemplated by this Order, in the event any or all of the provisions of this Order are hereafter modified, amended, or vacated by a subsequent order of this or any other court, the Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code and, no such appeal, modification, amendment, or vacation shall affect the validity and enforceability of any advances made hereunder or the priority authorized or created hereby.

18.    Notwithstanding any such modification, amendment, or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment, or vacation of any Protections granted to the Lender shall be governed in all respects by the original provisions of this Order, and the Lender shall be entitled to all of the rights, remedies, privileges, and benefits, including the protections granted herein, with respect to any

such claim. Since the loans made pursuant to the Post-Petition Facility are made in reliance on this Order, the obligations owed the Lender prior to the effective date of any stay, modification, or vacation of this Order shall not, as a result of any subsequent order in the Chapter 7 Case, be subordinated, lose their superpriority administrative expense claim status, or be deprived of the benefit of the status of claims granted to the Lender under this Order.

    B.  **<u>Binding Effect</u>.**

    19.  The provisions of this Order shall be binding upon and inure to the benefit of the Lender, the Trustee, on behalf of the Estate, and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Estate or with respect to the property of the Estate), whether in the Chapter 7 Case, or upon dismissal of the Chapter 7 Case.

    C.  **<u>Amendments</u>.**

    20.  The Trustee, on behalf of the Estate, and the Lender may mutually agree to amend, modify, supplement, or waive any provision of this Order without further approval of the Court unless such amendment, modification, supplement, or waiver is material. Except as set forth above, all waivers, modifications, or amendments of any of the provisions hereof shall not be effective unless set forth in writing, signed by and on behalf of the Trustee, on behalf of the Estate, and the Lender and approved by the Court.

    D.  **<u>Survival of Order</u>.**

    21.  The provisions of this Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered:

      (a)  to the extent authorized by applicable law, dismissing the Chapter 7 Case,

      (b)  withdrawing of the reference of the Chapter 7 Case from this Court, or

  (c)  providing for abstention from handling or retaining of jurisdiction of the Chapter 7 Case in this Court.

### E. **Enforceability.**

22. This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately upon execution hereof.

### F. **Objections Overruled.**

23. All objections to the Financing Motion to the extent not withdrawn or resolved, are hereby overruled.

### G. **Waiver of Any Applicable Stay.**

24. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Order.

### H. **Retention of Jurisdiction.**

25. The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: March 13th, 2020  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE

LEGAL\44872920\2