IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GIGAMEDIA ACCESS CORPORATION, | : | Case No. 19-12537 (KBO) |
| | : | |
| Debtor. | : | **Objection Deadline: June 10, 2020 at 4:00 p.m. (ET)** |
| | : | **Hearing Date:  July 1, 2020 at 1:00 p.m. (ET)** |

## MOTION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE TO EMPLOY HURON CONSULTING SERVICES, LLC AS A CONSULTANT

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby moves this Court for entry of an order authorizing the Trustee to retain Huron Consulting Services, LLC ("Huron") as a consultant to perform certain discrete tasks for the Estate pursuant to 11 U.S.C. §§ 105(a) and 363(b), and granting related relief. In support of this motion (the "Motion") the Trustee relies upon the *Declaration of Brett Anderson in Support of Retention*, attached hereto as Exhibit "A". In further support of the Motion, the Trustee respectfully represents:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

### Background

4. On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

5. On December 4, 2019 Jeoffrey L. Burtch was appointed as interim trustee of the Estate pursuant to Section 701 of the Bankruptcy Code.

6. The Debtor did not file bankruptcy Schedules ("<u>Schedules</u>") or the Statement of Financial Affairs ("<u>SOFA</u>") with its voluntary petition.

7. The Debtor described itself as being a "leading provider of secure, simple and visible document protection solutions for virtually any endpoint device—mobile or desktop."

8. Shortly after the Trustee's appointment, the Trustee scheduled a call with Debtors' counsel, with representatives of Huron participating on the call. Huron advised the Trustee that prior to the Petition Date, John DiDonato of Huron was appointed as the Chief Restructuring Officer ("<u>CRO</u>") and Brett Anderson was appointed as the Deputy Chief Restructuring Officer ("<u>DCRO</u>") of the Debtor. During the initial call, Huron informed the Trustee that it was brought in due to allegations of certain improprieties committed by the Debtor's former management, and that the FBI visited the Debtor's headquarters in Herndon, Virginia and removed certain of the Debtor's hard copy and electronic books and records from the premises. Further, the Trustee was told that there were no officers still in place other than the CRO and DCRO, and the case had been filed principally in an effort to preserve the ability of a trustee to investigate and pursue avoidance claims and other claims against insiders and third parties.

9. Huron informed the Trustee that the Debtor's assets were as follows: (i) certain patents and other intellectual property; (ii) equity interest in Vaultize, an India-based company, acquired in 2019; (iii) furniture, fixtures and equipment located in Virginia; and (iv) various causes of action. Huron indicated that a very limited process was run prior to the filing to sell the business, without success.

10. At the time of the petition filing, the Estate had no funding with which the Trustee could administer the case. Thereafter, the Trustee and Crystal Financial LLC ("Crystal"), the Debtor's pre-petition lender and largest creditor of the Debtor, reached an agreement, wherein Crystal would provide post-petition funding to the Estate for the preparation of Schedules and SOFA and to at least begin the investigation into potential assets of the Estate (the "Post-Petition Financing Agreement"). The Court has approved the Post-Petition Financing Agreement. D.I. 47. The Trustee's retention of Huron is a condition precedent to Crystal's obligation to provide the funding.

11. The Trustee finds himself in the difficult setting in which the Debtor has not filed Schedules or the SOFA; the Debtor filed the case with no cash or other liquid assets; the Debtor's CEO and CFO are unavailable and accused of committing acts of malfeasance; and the FBI has confiscated certain books and records of the Debtor. The Trustee believes that, given this unfortunate status, Huron possesses a unique ability and background knowledge to assist with the preparation of the Schedules and SOFA and certain related tasks in the most efficient manner possible.

**Relief Requested**

12. By this Motion, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the retention of Huron as a consultant to the Estate for the limited purposes discussed herein.

**The Retention of Huron**

13. The Trustee seeks authorization to retain Huron as a consultant to provide discrete and limited services.  Specifically, the Trustee intends to seek Huron's assistance with the

preparation and completion of the Debtor's Schedules and SOFA and to assist in identifying books and records that would support the Trustee's efforts to pursue causes of action.

14. The Trustee believes that the retention of Huron as a consultant in this case is in the best interests of the Estate and its creditors. The Trustee believes, based upon the Declaration of Brett Anderson in Support of Motion of Jeoffrey L. Burtch, Chapter 7 Trustee, to Retain Huron Consulting Services, LLC (the "<u>Anderson Declaration</u>"), which is attached hereto at Exhibit A, that Huron does not hold or represent any interest adverse to the Debtor and the Debtor's estate, and is well-qualified to perform the services required by the Trustee on behalf of the estate.

## **Scope of Services**

15. The Trustee currently seeks to retain Huron, subject to Court approval, as follows (hereinafter referred to as the "<u>Discrete Tasks</u>"):

    A. To assist the Trustee and his counsel in preparing the Debtor's Schedules and SOFA;

    B. To assist the Trustee and his counsel in cataloging and providing to the Trustee all records of the Debtor relating to the preparation of the Schedules and SOFA;

    C. To assist the Trustee and his counsel in identifying documents that may support the Trustee's effort to pursue causes of action; and

    D. To support other administrative and ministerial services that the Trustee may require in winding up the estate.

## **Compensation**

16. If the Court approves the relief requested herein, Huron will be retained to provide the Estate with the Discrete Tasks pursuant to Section 363(b) of the Bankruptcy Code. Because Huron is not being retained as a professional under Section 327, Huron will not be required to submit fee applications pursuant to Sections 330 and 331. Instead, Huron will file

with the Court, with copies to the Trustee, Crystal, and the U.S. Trustee, an activities and expense report for the previous month. Such report shall include the activities performed by Huron for the prior month and itemize the expenses incurred for the relevant period.

17. Huron has agreed to provide Mr. Anderson at a discounted rate of $600 per hour. Huron has also proposed to provide additional resources, if necessary, using the discounted rate ranges below. If additional services are required beyond this scope of work, the discounted rates below will apply (which may be adjusted from time to time).

| Title: | Discounted Rate Range: |
| --- | --- |
| Managing Director | capped at $600 |
| Senior Director | capped at $600 |
| Director | $368 - $596 |
| Manager | $340 - $464 |
| Associate | $336 - $368 |

18. Huron's out of pocket expenses (including transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred.[1] Travel time during which no work is performed shall be itemized separately and billed at fifty percent (50%) of regular hourly rates.

19. Given the limited services that Huron is to perform under this engagement, Huron's commitment to the variable level of time and effort necessary to perform the Discrete Tasks, and the market prices for such services for engagements of this nature in an out-of-

---

[1] Huron is not entitled to reimbursement of attorney fees under the Post-Petition Financing Agreement; however, Crystal agrees to reimburse out-of-pocket expenses that Huron may incur, up to an agreed upon maximum amount, for external counsel assistance with completing schedules and the statement of financial affairs (collectively, the "Schedules") in connection with completing the bankruptcy filing and preparation for the Section 341 meeting of creditors. Crystal further agrees to indemnify and hold Huron and its personnel, agents and contractors harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against it by a third party, including a subpoena or court order related to the Schedules or Huron's appearance at the Section 341 meeting of creditors. This indemnity is subject to an agreed upon maximum amount. This indemnity shall not apply to the extent a claim arises out of Huron's gross negligence, bad faith, or willful misconduct, as finally adjudicated by a finder of fact. Neither Huron's out-of-pocket expenses for attorney fees or the indemnity shall be funded from the Post-Petition Financing Agreement. Further, neither Huron or Crystal shall assert a claim against the Trustee or the estate arising out of or in connection with Huron's undertakings to reimburse Huron's out-of-pocket expenses and indemnify Huron.

court context, as well as in bankruptcy proceedings, the Trustee submits that the fee arrangements set forth herein are reasonable. Moreover, the Trustee expects that the total fees for the Discrete Tasks will not exceed $50,000.

### Basis for Relief Requested

20. The Trustee seeks approval of Huron's retention pursuant to Section 363 of the Bankruptcy Code. Section 363(b)(1) provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to Section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. The Trustee's use of assets pursuant to Section 363(b) is evaluated on a reasonable exercise of business judgment standard. The Trustee proffers that Huron's retention is a sound exercise of his business judgment. Huron's retention is a condition precedent to the Trustee's access to post-petition financing via Crystal. The Trustee is not aware of any other alternative funding sources for this Estate, and as such, access to Crystal's post-petition funding is critical to the maintenance of the Estate. Further, Huron has significant background knowledge with respect to the Debtor's financial information and is ready and willing to compile the Debtor's Schedules and SOFA and complete the Discrete Tasks. The Trustee understands that there are no other officers of the Debtor available and/or willing to provide the Discrete Tasks. Indeed, Huron's familiarity with the Debtor's business records should minimize the time (and expense) necessary to complete such tasks.

22. Though Huron was retained prepetition, Huron's engagement here will be limited to more of a bookkeeping capacity. Huron will have no decision making or independent authority, and its function with respect to this Estate will involve no special degree of skill or

6

knowledge generally considered when evaluating whether such retention is of a "professional" as the definition exists within the Bankruptcy Code. Instead, Huron's retention is a prudent exercise of the Trustee's business judgment as it (1) allows satisfaction of the condition precedent to Crystal's financing, and (2) allows Huron to use its background knowledge specific to the Debtor's prepetition financial activities for the limited purpose of compiling the requisite Schedules and SOFA and related activities for which there are no other Debtor representatives available and/or willing to perform.

23. Based upon the foregoing, the Trustee submits that Huron's retention on the terms set forth herein is essential, appropriate and in the best interests of the Estate and its creditors.

## Notice

24. Notice of this Motion has been provided to: (i) Debtor's counsel; (ii) the United States Trustee; (iii) the Debtor's known creditors; (iv) Huron Consulting Services, LLC; (v) Crystal Financial LLC and (vi) all parties in interest having requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, Jeoffrey L. Burtch, the Chapter 7 Trustee, respectfully requests that this Court enter the proposed Order attached hereto: (i) authorizing the retention of Huron Consulting Services, LLC as a consultant to the Estate; and (ii) granting such other and further relief as is just and proper.

Dated: May 20, 2020                  */s/ Gregory F. Fischer*
                                                Mark E. Felger (DE No. 3919)
                                                Gregory F. Fischer (DE No. 5269)
                                                Cozen O'Connor
                                                1201 N. Market Street, Suite 1001
                                                Wilmington, DE 19801-1147
                                                Telephone (302) 295-2000
                                                Facsimile (302) 295-2013
                                                mfelger@cozen.com
                                                gfischer@cozen.com

                                                *Special Counsel to Movant*