## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| GIGAMEDIA ACCESS CORPORATION | ) | Case No. 19-12537 (KBO) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Gigamedia Access Corporation ("Giga" or "Debtor"), as debtor in possession in the above-captioned chapter 7 case, with the assistance of Huron Consulting Services LLC[1] ("Huron" or "Consultant"), filed its Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtor's commercially reasonable efforts to report the assets and liabilities of the Debtor on an unconsolidated basis. In the case of Giga, accurate, consistent and reliable financial information was unavailable due to certain alleged misrepresentations and improprieties in previously disseminated financial information and the resulting termination of the Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") on October 21, 2019, who are believed to have closely held the true financial information of the Debtor[2].

---

[1] Pursuant to the Order Granting Motion of Jeoffrey L. Burtch, Chapter 7 Trustee, to Retain Huron Consulting Services, LLC as a Consultant to the Estate, Docket No. 79, filed July 1, 2020.

[2] Pending litigation against the former CEO and CFO includes Crystal Financial LLC v. Bernardi et al. filed November 27, 2019 in Virginia Eastern District Court (1:19-cv-01506) and since transferred to District Court for District of Delaware on June 17, 2020 (1:20-cv-00822), among other suits.

The Debtor and their agents, attorneys, and consultants do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtor and its agents, attorneys, and consultants expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided in the Schedules and Statements, or to notify any third party should the information be updated, modified, revised, or recategorized.  In no event shall the Debtor or its agents, attorneys, and consultants be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, and financial advisors are advised of the possibility of such damages.

Brett Anderson, of Huron, has signed each of the Schedules and Statements in his role as consultant for the estate of the Debtor. Huron was appointed as the Chief Restructuring Officer ("CRO") and Deputy Chief Restructuring Officer ("DCRO") by Giga's board upon the termination of the CEO and CFO. Mr. Anderson, as the former DCRO, is an authorized signatory for the Debtor. Shortly after Huron's appointment as CRO and DCRO, Huron determined that the books and records of the Debtor prior to its involvement were either solely in the possession of the prior CEO and CFO or otherwise could not be relied upon due to inconsistencies compared to financial information previously provided to Giga's investors. Huron primarily utilized bank statements and other financial records it found on the Debtor's premises to identify and record the historical business activity of the Debtor and identify its assets and liabilities to the best of its ability. In preparing, reviewing, and signing the Schedules and Statements, Mr. Anderson necessarily has also relied upon the efforts, statements, and representations of various personnel previously employed by the Debtor.  Mr. Anderson has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, asset and liability value, and creditor addresses, among others.

### Global Notes and Overview of Methodology

1. **Reservation of Rights.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions may exist.  The Debtor reserves all rights to:  (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including[3] the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim ("Claim") or interest ("Interest") is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements

---

[3]   The words "include," "includes," "including," and variations thereof, shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation."

as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 7 cases, including issues involving Claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2.    **Accuracy.** Although every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements hereunder. Persons or entities trading in or otherwise purchasing, selling, or transferring Claims against or Interests in the Debtor should evaluate this financial information considering the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtor based on this financial information or any other information.

3.    **Description of Cases and "As Of" Information Date.** On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. On December 4, 2019 Jeoffrey L. Burtch was appointed as interim trustee of the estate pursuant to Section 701 of the Bankruptcy Code. The Debtor did not file bankruptcy Schedules and Statements with its voluntary petition.

Unless otherwise noted, the Schedules and Statements reflect the Debtors' books and records as of the close of business on Tuesday, November 26, 2019. As discussed above, the Petition Date was Wednesday, November 27, 2019. No business was conducted on the Petition Date other than work performed by the Debtor's professionals.

4.    **Net Book Value of Assets.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for each of their assets on an individual-asset basis.

Nonetheless, because the book value of certain assets may differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements. Given the nature of the Debtor's business, this has limited implications to the values presented.

Claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights respecting such credits, allowances, and other adjustments. Nothing in the Debtor's Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

5. **Recharacterization.** Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's businesses. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

6. **Liabilities.** The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Given the nature of the Debtor's business, this has limited implications to the values presented.

Certain liabilities have been disclosed as contingent, unliquidated, and/or disputed in the Schedules. In the Debtor's estimation, the final allowed amount of these claims may be materially different than the amount currently included in the Debtor's books and records. Accordingly, the Debtor has listed these liabilities as contingent, unliquidated, and/or disputed.

7.      **Excluded Assets and Liabilities.**    Certain assets and liabilities may have been unintentionally excluded due to the limited information available to the Consultant other than information obtained by Huron during its involvement with Giga before the Petition Date.

8.      **Insiders.**  For purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers, or persons in control of the Debtor; and (e) debtor/non-Debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor does not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

9.      **Intellectual Property Rights.**    Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     **Executory Contracts.**  The Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

11.     **Classifications.**  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

12. **Claims Description.** Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtor reserves all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtor expressly reserves all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

13. **Causes of Action.** Despite their commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Non-Duplication. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in one Schedule or Statement as responsive to certain other Statements and Schedules, without duplication, to avoid double counting of certain assets and liabilities. Although the Debtor has made a good

faith effort to remove duplicate references of certain of their assets and liabilities, inadvertent errors, or failures to omit may result in duplicate references for certain of the Debtor's assets or liabilities.

- <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15.  **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16.  **Setoffs.**  The Debtor may incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items, including pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes between the Debtor and its vendors, suppliers, or other counterparties.  These normal setoffs are consistent with the ordinary course of business.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements, except as specifically set forth herein.

17.  **Global Notes Control.**  In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

<u>**Schedules A/B**</u>
**Part 1, Question 3.**  The bank account listed is the Debtor's only known operating account as of the Petition Date, the value of which has since been turned over to the Chapter 7 trustee.

**Part 2, Question 7.**  The security deposit for the Debtor's leased office space at 607 Herndon Parkway #302, Herndon, VA 20170 was provided by the Chapter 7 trustee after discussions with the landlord after the Petition Date and was not independently verified by the Consultant.

**Part 3, Question 11.**  The accounts receivable balances are based on customer invoice information accumulated by the Debtor's employees in November 2019, all of which are now greater than 90 days past due. Due to the length of time since the invoice was delivered and the cessation of the Debtor's business prior to the Petition Date, the accounts receivable balances are considered entirely doubtful and uncollectable.

**Part 4, Question 15.**  In January 2019, Giga acquired an approximately 35% equity ownership stake in Vaultize Technologies Private Limited ("Vaultize) through a stock purchase agreement for the purchase of 200,000 of the equity shares of Vaultize owned by Anand Kekre, Ankur Panchbudhe, Meenal Kekre, and Sanjyoti Panchbudhe (collectively, the "Vaultize Founders"). Upon this event, Tata Capital Innovations Fund ("TCIF"), a domestic venture capital fund registered with the Securities and Exchange Board of India and the majority owner of Vaultize at that time, and Vaultize, granted operational, management and all other control of Vaultize to which Giga may otherwise be entitled if it were the sole owner of all the shares of Vaultize. After the

effective date of the stock purchase agreement, TCIF converted all its compulsorily convertible preferred shares ("CCPS") of Vaultize into equity shares, retaining no CCPS in Vaultize. TCIF further executed and implemented a subscription rights offering necessary to dilute TCIF's interest in the company to less than 5%. These events occurred prior to the Petition Date, which resulted in Giga owning approximately 96% of Vaultize as of the Petition Date.

**Part 7.** Huron, in its role as CRO and DCRO before the Petition Date, did not obtain an asset register from the Company and is not aware if such information exists. The Debtor has various office furniture, fixtures, equipment, and collectibles on its leased premises in Herndon, VA of which the ownership and value is unable to be determined and does not appear to have meaningful value to the Debtor, such that obtaining a formal valuation is not warranted on the basis of a cost-benefit analysis.

**Part 9, Question 55.** The office space lease at 607 Herndon Parkway #302, Herndon, VA 20170 was rejected on March 26, 2020.

**Part 10.** The intellectual property listed is based on the schedules included in the Debtor's Term Loan Agreement, dated as of July 31, 2019, by and among Gigamedia Access Corporation, as a Borrower, and Crystal Financial, LLC, as Term Agent (among other loan parties) and was not separately verified.

## Schedule D
The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens.

The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding listed in the Debtor's Schedules reflect approximate amounts as of the Petition Date.

## Schedule E/F
The Debtor has used commercially reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing but limited books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. The Debtor has made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtor's open accounts payable.

The Debtor has not included a list of its customers who may hold a Claim against the Debtor. The Debtor does not have information to determine the amounts that may be owed to the Debtor's customers and, as a result, has not included these amounts in Schedule E/F.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the exact date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule E/F.

**Schedule G**
The Debtor's existing books, records, and financial systems are inadequate to identify and schedule all executory contracts of the Debtor. While diligent efforts have been made to compile the information included on the Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts. The Debtor reserves all of its rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G, as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an enterprise similar to the Debtor, the Debtor may be party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtor has therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtor reserves all of its rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or

unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtor reserves all its rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

Agreements between the Debtor and its customers for software licenses or services are not included in Schedule G.

### Specific Disclosures with Respect to the Debtors' Statements

### Statement 1 and 2
The Debtor estimated its gross revenue using the aggregate cash deposits and credits shown on its available bank statements that could be reasonably compared and matched to customer lists created by its personnel. Certain miscellaneous cash credits or deposits that could not be matched to a customer are included as unidentified deposits. Non-business revenue includes interest earned on cash held in bank accounts.

### Statement 3
The information provided in Statement 3 shall not constitute a waiver of any of the Debtor's rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing.

For items paid via paper check, the date of payment/transfer listed is the date the paper check was generated by the Debtor, but the recipient of the check may not be identifiable from the available bank statements. The reasons provided for each payment in Statement 3 are based on the best information available.

To the extent that any payment was made to an insider within 90 days of the Petition Date, they are reported in Statement 4 and are excluded from Statement 3.

### Statement 4
The information provided in Statement 4 does not include wages paid to employees, contractors or consultants who are insiders, which are estimated and included on Statement 30.

### Statement 7
Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  Additionally, any information contained in Statement 7 shall not be a binding admission of the Debtor's liabilities with respect to any of the suits and proceedings identified therein.  The Debtor is not aware of any EEOC or workers compensation claims.  As such, none have been included in Statement 7.  The Debtor reserves all rights with respect to the suits and administrative proceeding set forth in Statement 7 and any claims filed in relation to such suits and administrative proceedings.

**Statement 11**
Matthew Kahn (MRSAKAHN, LLC) was appointed the sole director of the Debtor on October 21, 2019 and received $20,000.00 for monthly services in October 2019 and November 2019 on November 1, 2019. Mr. Kahn resigned as director on November 26, 2019.

Pursuant to its engagement letter dated October 21, 2019, Huron Consulting Services LLC was hired by Mr. Kahn on behalf of Giga and paid $200,000 as a retainer for CRO/DCRO services on November 4, 2019. On November 25, 2019, Huron Consulting Services LLC amended its engagement letter such that, upon Giga filing a petition for chapter 7 protection under the Bankruptcy Code, the services of the CRO/DCRO would be limited to, and Giga's engagement thereof would be for the sole purpose of, attending a meeting of creditors or similar meeting as may be required under section 341 of the Bankruptcy Code, and the CRO/DCRO would have no other obligations thereunder following Petition Date.

Pursuant to its engagement letter dated October 21, 2019, Milbank LLP was hired by Giga and paid $100,000.00 as a retainer for legal services on November 1, 2019. On November 26, 2019, Milbank refunded $36,116.50 of its retainer to Giga.

Pursuant to its engagement letter dated November 25, 2019, Fox Rothschild LLP was hired by Mr. Kahn on behalf of Giga and paid $12,000.00 as a retainer for legal services plus $335 for bankruptcy protection filing fees on November 26, 2019.

**Statement 13**
Statement 13 includes the following types of transfers that the Consultant, in its best business judgement and based on information available to it, deemed non-ordinary course:
- One-time commissions or legal settlements for the same
- Payments made to satisfy obligations under confessed judgments
- Fees paid to potential capital providers for diligence
- Payments made to parties that were identified as equity investors
- Payments made to insiders not already listed on Statement 4 or 30
- Payments made to parties that the Consultant could not otherwise verify or determine were ordinary trade vendors
- All checks without identifiable payees

**Statement 26b**
The Debtor provided various existing and potential investors their audit report for 2018 and years prior. The 2018 audit report was purportedly conducted by Baker Tilly LP. The accuracy and authenticity of such reports remains in question.

In June 2019, the Debtor's CFO resigned and subsequently provided consulting services to the Debtor as Sovran Accounting Services, pursuant to a Consulting Agreement dated June 11, 2019.

**Statement 26d**
The Debtor provided financial statements to numerous existing investors in the two years preceding the Petition Date. Those investors that the Consultant verified received financial

information are listed on Statement 26d. Huron cannot verify the accuracy or authenticity of financial information provided to parties listed on Statement 26d.

The Debtor engaged Stephens Inc. ("Stephens") in October 2014 as a financial advisor for a proposed business combination. In June 2016, the Stephens engagement was amended to include services related to securing debt or equity capital. A second amendment to the engagement occurred in February 2019. As part of this engagement, Stephens assisted the Debtor to prepare a confidential information memorandum which contained financial information from the Debtor. Huron reviewed multiple letters of intent from external investors to contribute equity capital to Giga from the Stephens process.

Huron also received an executed Statement of Work from Grant Thornton LLP, dated August 5, 2019 to perform financial due diligence on Giga, which included reading financial statements and other records, making inquiries of the Debtor's management and analyzing the information obtained, as part of the scope of services. Huron was not able to verify the extent of Grant Thornton's financial statement review or if they completed the scope of services contemplated in the Statement of Work.

In connection with the Debtor's initiatives to raise new capital, the Debtor's may have provided financial statements to numerous parties under non-disclosure agreements ("NDAs") or through a data room.  Due to the confidentiality requirements of the NDAs, such parties are not listed in response to Statement 26d.

**Statement 30**
The amounts listed on Statement 30 paid to individuals include wages paid to insiders based on Huron's review of W-2 information for 2019 and monthly wages estimates paid in December 2018 pursuant to annual base salary information received from the Debtor's human resources staff.

The amounts listed on Statement 30 paid to Sovran Accounting Services and Horatius LLC are payments made by Giga through its payroll processor and reported as a 1099 recipient in 2019. The amounts paid directly to Sovran Accounting Services listed in Statement 4 are separate and non-duplicative from the amounts listed in Statement 30.

*      *      *

**Fill in this information to identify the case:**

Debtor name   GIGAMEDIA ACCESS CORPORATION

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (If known):   19-12537 (KBO)

☐ Check if this is an
   amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B*...............................................................    $ _____0.00_____

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B*............................................................    $ 40,375.05

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B*.............................................................    $ 40,375.05

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..............................    $ 25,794,819.79

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*.........................................    $ _____57,443.08_____

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.........................    **+** $ 19,911,670.38

4. **Total liabilities**.......................................................................................    $ 45,763,923.45
    Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name ___GIGAMEDIA ACCESS CORPORATION_____

United States Bankruptcy Court for the:_____ District of _Delaware_
(State)

Case number (If known): ___19-12537 (KBO)_____

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**  $___0.00____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. _BB&T_____ | _Business checking_ | 5  7  4  5 | $ _11,875.05_ |
| 3.2. _____ | | ___ ___ ___ ___ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1. NONE THAT AWARE OF | $ _0.00____ |
| 4.2. _____ | $ _____ |

5. **Total of Part 1**  $ _11,875.05_

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| | |
|---|---|
| 7.1. _Office lease with H/F Water Dragon_ | $ _28,500.00_ |
| 7.2. _____ | $ _____ |

| Debtor | GIGAMEDIA ACCESS CORPORTION | Case number *(if known)* | 19-125337 (KBO) |
|---|---|---|---|
| | Name | | |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. NONE THAT AWARE OF _____ $ 0.00 _____

8.2. _____ $ _____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. | $ 28,500.00 |

## Part 3:   Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $0.00 | – | $0.00 | = ....... ➔ | $ $0.00 |
| | face amount | | doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | $49,500.00 | – | $49,500.00 | = ....... ➔ | $ $0.00 |
| | face amount | | doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. | $ $0.00 |

## Part 4:   Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1. NONE THAT AWARE OF | | $ |
|---|---|---|
| 14.2. | | $ |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                          % of ownership:

| 15.1. Vaultize Technologies Private Limited (India) | 96 % | | $ Unknown |
|---|---|---|---|
| 15.2. | % | | $ |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1. NONE THAT AWARE OF | | $ |
|---|---|---|
| 16.2. | | $ |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. | $ 0.00 |

Debtor    GIGAMEDIA ACCESS CORPORATION                                    19-12537 (KBO)
_____        Case number (if known)_____
Name

---

<table>
<tr><td style="background:black;color:white">**Part 5:**</td><td>**Inventory, excluding agriculture assets**</td></tr>
</table>

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☑ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No
☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

<table>
<tr><td style="background:black;color:white">**Part 6:**</td><td>**Farming and fishing-related assets (other than titled motor vehicles and land)**</td></tr>
</table>

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

---

Debtor    GIGAMEDIA ACCESS CORPORATION                    Case number (if known)    19-12537 (KBO)
         Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                           $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☑ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☑ No

    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☑ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|-------------------------------------------------------------|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☐ No. Go to Part 8.

    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| 39. **Office furniture** <br> Tables, chairs, file cabinets, other various furniture at Debtor's leased premises | $ Unknown | Not applicable | $ Unknown |
| 40. **Office fixtures** <br> Office cubicles, shelves, desks at Debtor's leased premises | $ Unknown | Not applicable | $ Unknown |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** <br> Computers, monitors, servers and racks, A/V equipment, phone equipment, security systems, etc. | $ Unknown | Not applicable | $ Unknown |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 Office artwork, books | $ Unknown | Not applicable | $ Unknown |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                          $ Unknown

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☑ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

Debtor    **GIGAMEDIA ACCESS CORPORATION**                    Case number *(if known)*    19-12537 (KBO)
Name

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☑ No. Go to Part 9.

   ☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.                               $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

   ☑ No

   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ☑ No

   ☐ Yes

Debtor   GIGAMEDIA ACCESS CORPORATION
         Name

Case number *(if known)*   19-12537 (KBO)

---

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**
    ☐ No. Go to Part 10.
    ☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Office space, 607 Herndon Pkwy, Herndon, VA 20170 | Leased office space | $ Unknown | Not applicable | $ Unknown |
| 55.2 Leased data center, 12100 Sunrise Valley Drive, Reston, VA 20191 | Leased data center | $ Unknown | Not applicable | $ Unknown |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

    $ **Unknown**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    ☑ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

---

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
    ☐ No. Go to Part 11.
    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>See Attached 10.60 | $ | | $ |
| 61. **Internet domain names and websites**<br>www.gigatrust.com | $ Unknown | Not applicable | $ Unknown |
| 62. **Licenses, franchises, and royalties**<br>NONE THAT AWARE OF | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations**<br>Customer list | $ Unknown | Not applicable | $ Unknown |
| 64. **Other intangibles, or intellectual property**<br>NONE THAT AWARE OF | $ | | $ |
| 65. **Goodwill**<br>NONE THAT AWARE OF | $ | | $ |

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

    $ **Unknown**

---

Debtor    GIGAMEDIA ACCESS CORPORATION
Name

Case number (if known) 19-12537 (KBO)

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

NONE THAT AWARE OF

_____ – _____ = ➜ $_____

Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

NONE THAT AWARE OF

Tax year _____ $_____

Tax year _____ $_____

Tax year _____ $_____

73. **Interests in insurance policies or annuities**

NONE THAT AWARE OF

$_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

NONE THAT AWARE OF

$_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

NONE THAT AWARE OF

$_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

NONE THAT AWARE OF

$_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

NONE THAT AWARE OF

$_____

$_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor    GIGAMEDIA ACCESS CORPORATION                    Case number *(if known)*  19-12537 (KBO)
          Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 11,875.05 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 28,500.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ Unknown | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ Unknown | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ Unknown | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column............................ 91a. | $ 40,375.05 | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. ..........................................................    $ 40,375.05

| Type | Patent / Copyright / Trademark # | Owner | Description | Status | Comments |
|------|---------|-------|-------------|--------|----------|
| PATENT | US6986058 | Gigamedia Access Corporation (dba "Gigatrust") | Method for providing data security using file spoofing | Granted | In Use - Pinion Driver |
| PATENT | US7484245 | Gigamedia Access Corporation (dba "Gigatrust") | Method for providing data security | Granted | |
| PATENT | US6804784 | Gigamedia Access Corporation (dba "Gigatrust") | Method for Back-channeling in a memory vault system | Granted | In Use – Pinion Driver |
| PATENT | US7039806 | Gigamedia Access Corporation (dba "Gigatrust") | Method for packaging and transmitting data Granted In Use – Pinion | Granted | In Use – Pinion Driver |
| PATENT | US6256646 | Gigamedia Access Corporation (dba "Gigatrust") | Method for identifying the state of a media device by monitoring file system calls | Granted | |
| PATENT | US6553466 | Gigamedia Access Corporation (dba "Gigatrust") | Shared memory blocking Granted | Granted | |
| PATENT | US7096326 | Gigamedia Access Corporation (dba "Gigatrust") | Registry monitoring Granted | Granted | |
| PATENT | US7103783 | Gigamedia Access Corporation (dba "Gigatrust") | Providing data security in a file system monitor with stack provisioning | Granted | In Use – Pinion Driver |
| PATENT | Provisional | Gigamedia Access Corporation (dba "Gigatrust") | "Automatic determination of content utilization for inherited data-usage and rights management systems" | Filed | Under review |
| PATENT | US5991778 US6212600 | Gigamedia Access Corporation (dba "Gigatrust") | Method for real-time secure file deletion | Granted / Expired | Lifetime - 20 years |
| PATENT | US10210337 | Vaultize Technologies Private Limited | Rights management using discrete data containerization | Granted | In Use |
| PATENT | US9086819 | Vaultize Technologies Private Limited | Method for combining deduplication and encryption of data | Granted | In Use |
| PATENT | US20180203980 | Vaultize Technologies Private Limited | Systems and methods for managing copies of data | Pending | |
| PATENT | US20180204017 | Vaultize Technologies Private Limited | Systems to convert a data source into a secure container with dynamic rights based on data location | Pending | Partially In Use |
| PATENT | US20180204022 | Vaultize Technologies Private Limited | Data related rights and policies based on content analysis of data | Pending | Partially In Use |
| PATENT | US20180203981 | Vaultize Technologies Private Limited | Data Containerization using Rights Management techniques | Pending | |
| PATENT | US20180205762 | Vaultize Technologies Private Limited | Automatically securing data based on geolocation, network or device parameters | Pending | In Use |
| PATENT | US20180205772 | Vaultize Technologies Private Limited | Folder and file based collaboration using messaging | Pending | |
| PATENT | US20180205737 | Vaultize Technologies Private Limited | System and method for capturing identity related information of the link visitor in link-based sharing` | Pending | In Use |
| PATENT | US20180204018 | Vaultize Technologies Private Limited | Methods and systems for management of data stored in discrete data containers | Awarded | In Use, Waiting on status change |
| PATENT | WO/2015/198336 | Vaultize Technologies Private Limited | Remotely managed Data Loss Prevention | Published | In Use, World |
| TRADEMARK | 87153620 | Gigamedia Access Corporation (dba "Gigatrust") | GIGATRUST | Undetermined | Filed 8/29/2016 |
| TRADEMARK | 87485658 | Gigamedia Access Corporation (dba "Gigatrust") | GIGACLOUD | Undetermined | Filed 6/12/2017 |
| TRADEMARK | 86787790 | Gigamedia Access Corporation (dba "Gigatrust") | GIGACLOUD | Undetermined | Filed 10/14/2015 |

| Type | Patent / Copyright / Trademark # | Owner | Description | Status | Comments |
|------|------|------|------|------|------|
| TRADEMARK | 75534645 | Gigamedia Access Corporation (dba "Gigatrust") | SANITIZER | Undetermined | Filed 8/11/1998 |
| COPYRIGHT | TX0007953645 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Desktop Client | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953649 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust E-Discovery Agent | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953666 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Enterprise Plus | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953670 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust for Android | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953637 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust for BlackBerry 10 | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953647 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust for File Folders | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953669 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust for iPhone and iPad - Expanding the Security for Smart Mobile Devices | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953654 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Journal Decryption Agent | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953659 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Protector for Exchange | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953660 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Protector for Open Text | Undetermined | 8/28/2014 |
| COPYRIGHT | TX0007953661 | Gigamedia Access Corporation (dba "Gigatrust") | GigaTrust Protector for SharePoint | Undetermined | 8/28/2014 |

**Fill in this information to identify the case:**

Debtor name ___GIGAMEDIA ACCESS CORPORATION___

United States Bankruptcy Court for the: _____ District of ___DELAWARE___
(State)

Case number (If known): ___19-12537 (KBO)___

☐ Check if this is an
  amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:     List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1** Creditor's name
*SEE ATTACHED EXHIBIT D*
_____

Creditor's mailing address
_____
_____
_____

Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account
number          __ __ __ __
Do multiple creditors have an interest in the
same property?
☐ No
☐ Yes. Specify each creditor, including this creditor,
    and its relative priority.
    _____
    _____

Describe debtor's property that is subject to a lien
_____
_____
_____

Describe the lien
_____

Is the creditor an insider or related party?
☐ No
☐ Yes
Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

**2.2** Creditor's name
_____

Creditor's mailing address
_____
_____
_____

Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account
number          __ __ __ __
Do multiple creditors have an interest in the
same property?
☐ No
☐ Yes. Have you already specified the relative
    priority?
    ☐ No. Specify each creditor, including this
        creditor, and its relative priority.
        _____
        _____
    ☐ Yes. The relative priority of creditors is
        specified on lines _____

Describe debtor's property that is subject to a lien
_____
_____

Describe the lien
_____

Is the creditor an insider or related party?
☐ No
☐ Yes
Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $_____

Debtor    GIGAMEDIA ACCESS CORPORATION
          Name

Case number *(if known)*_19-12537 (KBO)

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

**Column A** — Amount of claim. Do not deduct the value of collateral.

**Column B** — Value of collateral that supports this claim

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.__**

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$_____    $_____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.__**

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$_____    $_____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

| Debtor | GIGAMEDIA ACCESS CORPORATION | Case number (if known) | 19-12537 (KBO) |
| | Name | | |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| *SEE ATTACHED EXHIBIT D* | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |

EXHIBIT D

| | | | PART 1 | | | | | | | | | PART 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Creditor's name | Creditor's mailing address | Creditor's email address, if known | Date debt was incurred | Last 4 digits of account number | Do multiple creditors have an interest in the same property? | Describe debtor's property that is subject to a lien | Describe the lien | Is the creditor an insider or related party? | Is anyone else liable on this claim? | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Amount of claim | Value of collateral that supports this claim | List Others to be Notified for a Debt Already Listed in Part 1 |
| CRYSTAL FINANCIAL LLC AS TERM AGENT | TWO INTERNATIONAL PLACE 17TH FLOOR BOSTON MA 02110 | crystal@crystalfinancial.com | 7/31/2019 | N/A | NO | ALL ASSETS OF THE DEBTOR, WHEREVER LOCATED, WHETHER NOW OWNED OR HEREAFTER ACQUIRED OR ARISING | SECURITY INTEREST IN AND LIEN UPON SUBSTANTIALLY ALL PROPERTY AND ASSETS | NO | GIGAMEDIA HOLDINGS CORPORATION | | $ 25,794,819.79 | UNKNOWN | CHOATE HALL & STEWART LLP C/O JOHN VENTOLA TWO INTERNATIONAL PLACE BOSTON MA 02110 |

EXHIBIT D

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | GIGAMEDIA ACCESS CORPORATION |
| United States Bankruptcy Court for the: | _____ District of DELAWARE |
| | (State) |
| Case number (If known) | 19-12537 (KBO) |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** <br> *SEE ATTACHED EXHIBIT E-F - Priority* <br> _____ <br> _____ <br> _____ <br><br> **Date or dates debt was incurred** <br> _____ <br><br> **Last 4 digits of account number** ___ ___ ___ ___ <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____) | **As of the petition filing date, the claim is:** *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** <br> _____ <br><br> **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | $_____ | $_____ |
| **2.2** | **Priority creditor's name and mailing address** <br> _____ <br> _____ <br> _____ <br><br> **Date or dates debt was incurred** <br> _____ <br><br> **Last 4 digits of account number** ___ ___ ___ ___ <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____) | **As of the petition filing date, the claim is:** *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** <br> _____ <br><br> **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | $_____ | $_____ |
| **2.3** | **Priority creditor's name and mailing address** <br> _____ <br> _____ <br> _____ <br><br> **Date or dates debt was incurred** <br> _____ <br><br> **Last 4 digits of account number** ___ ___ ___ ___ <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____) | **As of the petition filing date, the claim is:** *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** <br> _____ <br><br> **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | $_____ | $_____ |

| Debtor | GIGAMEDIA ACCESS CORPORATION | |
|---|---|---|
| | Name | |
| | Case number *(if known)* 19-12537 (KBO) | |

| Part 1. | Additional Page |
|---|---|

| Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page. | Total claim | Priority amount |
|---|---|---|

**2.__ Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

---

**2.__ Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

---

**2.__ Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

---

**2.__ Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

---

Debtor  GIGAMEDIA ACCESS CORPORATION                           Case number (if known) 19-12537 (KBO)
        Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

**\*SEE ATTACHED EXHIBIT E-F - Nonpriority\***

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.5 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.6 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $_____ |

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __

| Debtor | GIGAMEDIA ACCESS CORPORATION | Case number *(if known)* | 19-12537 (KBO) |
|---|---|---|---|
| | Name | | |

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

_____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

_____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

_____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

_____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

_____

Date or dates debt was incurred   _____

Last 4 digits of account number   __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☐ No
☐ Yes

$_____

| Debtor | GIGAMEDIA ACCESS CORPORATION | Case number *(if known)* 19-12537 (KBO) |
|---|---|---|
| | Name | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4.** List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. *SEE ATTACHED EXHIBIT E-F - Priority* | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.2. *SEE ATTACHED EXHIBIT E-F - Nonpriority* | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.3. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.4. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 41. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | Line _____ <br> ❑ Not listed. Explain _____ | __ __ __ __ |

Debtor        GIGAMEDIA ACCESS CORPORATION                    Case number (if known) 19-12537 (KBO)
              _____
              Name

| Part 3: | Additional Page for Others to Be Notified About Unsecured Claims |

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |

Debtor    GIGAMEDIA ACCESS CORPORATION
_____
          Name

Case number (if known) 19-12537 (KBO)
_____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 57,433.08 |
| 5b. **Total claims from Part 2** | 5b. + | $ 19,911,670.38 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 19,969,103.46 |

EXHIBIT E-F - Priority

| | | | | | | | Total claim | Priority amount | |
|---|---|---|---|---|---|---|---|---|---|
| | PART 1 | | | | | | | | PART 3 |
| Priority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. Sec 507(a)(___) | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | | Total claim | Priority amount | List Others to Be Notified About Unsecured Claims |
| AIMEE KING<br>4509 MADISON STREET<br>RIVERDALE MD 20737 | 10/30/2019 | UNKNOWN | 4A | | NO | $ | 11,923.08 | $ 11,923.08 | |
| HARRY PICCIARELLO<br>22513 VERDE GATE TERRACE<br>ASHBURN VA 20148 | 10/30/2019 | UNKNOWN | 4A | UNLIQUIDATED | NO | | UNKNOWN | $ 13,650.00 | |
| JOY NEMITZ<br>20283 ISLAND VIEW COURT<br>POTOMAC FALLS VA 20165 | 11/22/2019 | UNKNOWN | 4A | | NO | $ | 17,692.31 | $ 13,650.00 | |
| TED BAGHERI<br>7502 BRICKYARD ROAD<br>POTOMAC MD 20854 | 10/30/2019 | UNKNOWN | 4A | | NO | $ | 250,000.00 | $ 13,650.00 | |
| STATE OF DELAWARE<br>FRANCHISE TAX<br>DIVISION OF CORPORATIONS<br>PO BOX 898<br>DOVER, DE 19903 | UNKNOWN | UNKNOWN | 8C | UNLIQUIDATED | NO | $ | 4,560.00 | $ 4,560.00 | |

EXHIBIT E-F - Priority

EXHIBIT E-F - Nonpriority

| | PART 2 | | | | | PART 3 |
|---|---|---|---|---|---|---|
| Nonpriority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | Amount of claim | List Others to Be Notified About Unsecured Claims |
| AHA! LABS INC 20 GLORIA CIRCLE MENLO PARK CA 94025-3556 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 5,940.00 | |
| ANAND A. KEKRE C801 PRIDE PANORAMA BAHIRATWADI, SHIVAJINAGAR PUNE 411016 INDIA | 1/17/2019 | UNKNOWN | | NO | $ 50,000.00 | |
| ANKUR PANCHBUDHE A205, BEVERLY HILLS, PANCARD CLUB ROAD BANER PUNE 411045 MAHARASHTRA INDIA | 1/17/2019 | UNKNOWN | | NO | $ 50,000.00 | |
| ANLAGE INFOTECH (INDIA) P LTD 5TH FL ELECTRIC MANSION, APPASAHEB MARATHE MARG PRABHADEVI, MUMBAI, INDIA 400025 | 8/23/2019 11/11/2019 | UNKNOWN | | NO | $ 24,763.00 | |
| BAKER BOTTS LLP ATTN: LYNN NEILS 30 ROCKEFELLER CENTER NEW YORK NY 10112-4498 | 11/8/2019 | UNKNOWN | | NO | $ 49,150.92 | |
| BEIJING 21VIANET BROADBAND DATA CENTER CO LTD 12-14F, BUILDING 6, NO.6, JIUXIANQIAO ROAD, BEIJING ELECTRONICS ZONE, CHAOYANG DISTRICT,BEIJING, 100015 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 200,000.00 | |
| CONSENSUS INTERACTIVE, LLC 198 MARLBOROUGH ST BOSTON, MA | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 200.00 | |
| COX COMMUNICATIONS 3080 CENTREVILLE ROAD HERNDON VA 20171 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 2,455.99 | |
| CUMULUS INVESTORS LLC 2829 UNIVERSITY SE, SUITE 650 MINNEAPOLIS, MN 55414 | 5/11/2019 | UNKNOWN | UNLIQUIDATED | NO | $ 4,630,888.89 | |
| DRINKMORE WATER, INC. 7595-A RICKENBACKER DRIVE GAITHERSBURG MD 20879 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 207.25 | |
| FEDEX 13500 EDS DR HERNDON VA 20171 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 131.13 | |
| H.B.WOOLFALK & ASSOCIATES PC 113 WALWORTH AVE SCARSDALE NY 10583-1140 | 9/23/2019 | UNKNOWN | | NO | $ 17,250.00 | |
| H/F WATER DRAGON LLC 9230 LEESBURG PIKE SUITE 620 VIENNA VA 22182 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 255,278.96 | |
| HARRY PICCIARELLO 22513 VERDE GATE TERRACE ASHBURN VA 20148 | 10/30/2019 | UNKNOWN | UNLIQUIDATED | NO | UNKNOWN | |

| | PART 2 | | | | | PART 3 |
|---|---|---|---|---|---|---|
| Nonpriority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | Amount of claim | List Others to Be Notified About Unsecured Claims |
| HUBSPOT 25 FIRST STREET 2ND FLOOR CAMBRIDGE MA 02141 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 7,350.00 | |
| INFRAWARE INC 19F DAERUNG TECHNO TOWN 18TH 19 GASAN DIGITAL 1-RO GEUMCHEON-GU SEOUL 08594 KOREA | 10/1/2019 | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 100,000.00 | |
| JAKE KING 4509 MADISON STREET RIVERDALE MD 20737 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED | NO | $ 3,360.00 | |
| JESSE VAUGHAN 15301 LIMESTONE RD LEESBURG VA 20176 | 12/2017 - 11/2019 | UNKNOWN | | NO | $ 21,920.36 | |
| JOHN SHALAM 126 WHEATLEY RD OLD WESTBURY NY 11568 | 8/15/2019 | UNKNOWN | | NO | $ 408,000.00 | |
| JOY NEMITZ 20283 ISLAND VIEW COURT POTOMAC FALLS VA 20165 | 11/22/2019 | UNKNOWN | | NO | $ 4,042.31 | |
| MARK LOEWENSTEIN 12512 WHITE DRIVE SILVER SPRING MD 20904 | 4/2/2018 | UNKNOWN | | NO | $ 100,000.00 | |
| MEMORY BLUE 7925 JONES BRANCH DRIVE SUITE 4100 TYSONS, VA 22102 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 17,250.00 | |
| MERT TURGUT CALIK CALIK HOLDING BÜYÜKDERE CADDESI NO: 163 34394 ZINCIRLIKUYU, ŞIŞLI - İSTANBUL, TURKEY | 10/3/2019 | UNKNOWN | UNLIQUIDATED | NO | $ 4,445,777.78 | |
| NIHAT CARDAK 13306 STURNO DRIVE CLIFTON VA 20124 | 10/21/2019 | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | UNKNOWN | $ 5,142.86 | |
| PAINT MASTERS 1725 ASCOT WAY UNIT I RESTON VA 20190 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 1,104.08 | |
| PISULA FAMILY TRUST DATED 9/10/2010 43547 FIRESTONE PL LEESBURG VA 20176 | 3/26/2018 | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 75,000.00 | |
| ROBERT P BERNARDI 1210 SUFFIELD DRIVE MCLEAN VA 22101 | MULTIPLE | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | UNKNOWN | $ 2,407,175.39 | DANIEL LOWENTHAL PATTERSON BELKNAP WEBB & TYLER LLP 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710 |

| | PART 2 | | | | | PART 3 |
|---|---|---|---|---|---|---|
| Nonpriority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | Amount of claim | List Others to Be Notified About Unsecured Claims |
| RSA CONFERENCE 2020 NTH DEGREE - RSA LOCKBOX 116368 100 SOUTH CREST DRIVE STOCKBRIDGE GA 30281 | UNKNOWN | UNKNOWN | CONTINGENT DISPUTED | NO | $ 42,000.00 | |
| SALESFORCE.COM SALESFORCE TOWER, 415 MISSION STREET, 3RD FLOOR, SAN FRANCISCO, CA 94105 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 2,825.40 | |
| SAMVAD PARTNERS 62/1 PALACE ROAD VASANTHNAGAR BENGALURU 560 001 INDIA | 4/2019 - 11/2019 | UNKNOWN | | NO | $ 38,380.00 | |
| SHLOMO YANAY 11606 MAGRUDER LANE ROCKVILLE MD 20852 | 8/13/2019 | UNKNOWN | | NO | $ 500,000.00 | |
| SIGNARAMA 316 VICTORY DR HERNDON VA 20170 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 606.61 | |
| SVY LLC 11606 MAGRUDER LANE ROCKVILLE MD 20852 | 8/13/2019 | UNKNOWN | CONTINGENT UNLIQUIDATED | NO | $ 25,000.00 | |
| TATA CAPITAL INNOVATIONS FUND 1101 TOWER A PENINSULA BUSINESS PARK MUMBAI 400 013 INDIA | 1/17/2019 | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ - | C/O PACHULSKI STANG ZIEHL & JONES, LLP ATTN: GREG DEMO, ESQ. 780 THIRD AVE., 34TH FL. NEW YORK, NY 10017 |
| TED BAGHERI 7502 BRICKYARD ROAD POTOMAC MD 20854 | 10/30/2019 | UNKNOWN | | NO | $ 236,350.00 | |
| TED BAGHERI 7502 BRICKYARD ROAD POTOMAC MD 20854 | 10/30/2019 | UNKNOWN | | NO | $ 273.36 | |
| THE BLUM FAMILY FOUNDATION INC 233 E REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 5/13/2019 | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 250,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| UNBOUND TECH LTD. 25 EFAL ST BEIT AMOT PLATINUM PETACH TIKVA 4951125 ISRAEL | 10/6/2019 | UNKNOWN | CONTINGENT DISPUTED | NO | $ 100,000.00 | |
| UNITED SECURITY & COMMUNICATIONS INC 5415 SOUTHERN MARYLAND BLVD LOTHIAN MD 20711 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 1,262.65 | |
| VAULTIZE TECHNOLOGIES PRIVATE LIMITED OFFICE NO. 908/909, TEERTH TECHNOSPACE, PUNE BANGALORE HIGHWAY, BANER PUNE 411045 INDIA | 1/17/2019 | UNKNOWN | CONTINGENT UNLIQUIDITED | NO | $ 422,583.44 | |

EXHIBIT E-F - Nonpriority

| | | PART 2 | | | | PART 3 |
|---|---|---|---|---|---|---|
| Nonpriority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | Amount of claim | List Others to Be Notified About Unsecured Claims |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 5/10/2019 | UNKNOWN | UNLIQUIDATED | NO | $ 1,000,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 11/29/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 1,000,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 8/1/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 500,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 7/13/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 405,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 6/28/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 455,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 6/19/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 100,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 6/1/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 100,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 5/14/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 325,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 3/5/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 100,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 2/9/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 170,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 1/11/2018 | UNKNOWN | UNLIQUIDATED | NO | $ 250,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 11/28/2017 | UNKNOWN | UNLIQUIDATED | NO | $ 350,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |

EXHIBIT E-F - Nonpriority

EXHIBIT E-F - Nonpriority

| | PART 2 | | | | | PART 3 |
|---|---|---|---|---|---|---|
| Nonpriority creditor's name and mailing address | Date or dates debt was incurred | Last 4 digits of account number | As of the petition filing date the claim is (Contingent / Unliquidated / Disputed): | Is the claim subject to offset? | Amount of claim | List Others to Be Notified About Unsecured Claims |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 10/25/2017 | UNKNOWN | UNLIQUIDATED | NO | $ 150,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| WORLD TOTAL RETURN FUND, LLLP 233 E. REDWOOD STREET SUITE 100 BALTIMORE MD 21202 | 10/1/2017 | UNKNOWN | UNLIQUIDATED | NO | $ 500,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |
| ZINTEL PUBLIC RELATIONS LLC 140 CYPRESS STATION DR SUITE 217 HOUSTON TX 77090 | UNKNOWN | UNKNOWN | CONTINGENT UNLIQUIDATED DISPUTED | NO | $ 5,000.00 | C/O LAWRENCE D COPPEL, ESQUIRE 233 E REDWOOD STREET BALTIMORE MD 21202 |

EXHIBIT E-F - Nonpriority

**Fill in this information to identify the case:**

Debtor name   GIGAMEDIA ACCESS CORPORATION

United States Bankruptcy Court for the: _____   District of   DELAWARE
                                                                        (State)

Case number (If known):   19-12537 (KBO)   Chapter _____

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | *SEE ATTACHED EXHIBIT G* |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

| Debtor | GIGAMEDIA ACCESS CORPORATION | Case number *(if known)* | 19-12537 (KBO) |
|---|---|---|---|
| | Name | | |

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

2._   **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

EXHIBIT G

| Name and mailing address | State what the contract or lease is for | Term remaining |
|---|---|---|
| ANLAGE INFOTECH (INDIA) P LTD<br>5TH FL ELECTRIC MANSION, APPASAHEB MARATHE MARG<br>PRABHADEVI, MUMBAI, INDIA 400025 | RECRUITING SERVICES AGREEMENT | MARCH 15 2021 |
| BEIJING 21VIANET BROADBAND DATA CENTER CO LTD<br>12-14F, BUILDING 6, NO.6, JIUXIANQIAO ROAD, BEIJING ELECTRONICS ZONE, CHAOYANG DISTRICT,BEIJING, 100015 | SOFTWARE AND SERVICES DISTRIBUTOR AGREEMENT | JUNE 26 2024 |
| CORESITE LP<br>12100 SUNRISE VALLEY DRIVE<br>RESTON VA 20191 | DATACENTER LEASE AGREEMENT | UNKNOWN |
| H/F WATER DRAGON, LLC<br>9230 LEESBURG PIKE SUITE 620<br>VIENNA VA 22182 | OFFICE LEASE | UNKNOWN |
| SALESFORCE.COM<br>SALESFORCE TOWER, 415 MISSION STREET, 3RD FLOOR, SAN FRANCISCO, CA 94105 | LICENSE AGREEMENT | UNKNOWN |
| SOVRAN ACCOUNTING SERVICES<br>13306 STURNO DRIVE<br>CLIFTON VA 20124 | CONSULTING AGREEMENT | NONE |
| SVY LLC<br>11606 MAGRUDER LANE<br>ROCKVILLE MD 20852 | CONSULTING AGREEMENT | NONE |
| TATA CAPITAL INNOVATIONS FUND<br>1101 TOWER A PENINSULA BUSINESS PARK<br>MUMBAI 400 013 INDIA | FIRST AMENDED AND RESTATED EXIT AGREEMENT | N/A |

EXHIBIT G

EXHIBIT G

| Name and mailing address | State what the contract or lease is for | Term remaining |
| --- | --- | --- |
| VAULTIZE TECHNOLOGIES PRIVATE LIMITED OFFICE NO. 908/909, TEERTH TECHNOSPACE, PUNE BANGALORE HIGHWAY, BANER PUNE 411045 INDIA | FIRST AMENDED AND RESTATED SHARE PURCHASE AGREEMENT | N/A |

EXHIBIT G

**Fill in this information to identify the case and this filing:**

Debtor Name __GIGAMEDIA ACCESS CORPORATION__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): __19-12537 (KBO)__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08 / 04 / 2020__          ✗ *Brett Anderson*
          MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                          Brett Anderson
                                          Printed name

                                          Consultant to the Estate of the Debtor
                                          Position or relationship to debtor