## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| GIGAMEDIA ACCESS CORPORATION | ) | Case No. 19-12537 (KBO) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Gigamedia Access Corporation ("Giga" or "Debtor"), as debtor in possession in the above-captioned chapter 7 case, with the assistance of Huron Consulting Services LLC[1] ("Huron" or "Consultant"), filed its Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtor's commercially reasonable efforts to report the assets and liabilities of the Debtor on an unconsolidated basis. In the case of Giga, accurate, consistent and reliable financial information was unavailable due to certain alleged misrepresentations and improprieties in previously disseminated financial information and the resulting termination of the Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") on October 21, 2019, who are believed to have closely held the true financial information of the Debtor[2].

---

[1] Pursuant to the Order Granting Motion of Jeoffrey L. Burtch, Chapter 7 Trustee, to Retain Huron Consulting Services, LLC as a Consultant to the Estate, Docket No. 79, filed July 1, 2020.

[2] Pending litigation against the former CEO and CFO includes Crystal Financial LLC v. Bernardi et al. filed November 27, 2019 in Virginia Eastern District Court (1:19-cv-01506) and since transferred to District Court for District of Delaware on June 17, 2020 (1:20-cv-00822), among other suits.

The Debtor and their agents, attorneys, and consultants do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys, and consultants expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided in the Schedules and Statements, or to notify any third party should the information be updated, modified, revised, or recategorized. In no event shall the Debtor or its agents, attorneys, and consultants be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, and financial advisors are advised of the possibility of such damages.

Brett Anderson, of Huron, has signed each of the Schedules and Statements in his role as consultant for the estate of the Debtor. Huron was appointed as the Chief Restructuring Officer ("CRO") and Deputy Chief Restructuring Officer ("DCRO") by Giga's board upon the termination of the CEO and CFO. Mr. Anderson, as the former DCRO, is an authorized signatory for the Debtor. Shortly after Huron's appointment as CRO and DCRO, Huron determined that the books and records of the Debtor prior to its involvement were either solely in the possession of the prior CEO and CFO or otherwise could not be relied upon due to inconsistencies compared to financial information previously provided to Giga's investors. Huron primarily utilized bank statements and other financial records it found on the Debtor's premises to identify and record the historical business activity of the Debtor and identify its assets and liabilities to the best of its ability. In preparing, reviewing, and signing the Schedules and Statements, Mr. Anderson necessarily has also relied upon the efforts, statements, and representations of various personnel previously employed by the Debtor. Mr. Anderson has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, asset and liability value, and creditor addresses, among others.

### Global Notes and Overview of Methodology

1. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions may exist. The Debtor reserves all rights to: (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including[3] the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim ("Claim") or interest ("Interest") is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements

---

[3] The words "include," "includes," "including," and variations thereof, shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation."

as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 7 cases, including issues involving Claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2.    **Accuracy.** Although every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements hereunder. Persons or entities trading in or otherwise purchasing, selling, or transferring Claims against or Interests in the Debtor should evaluate this financial information considering the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtor based on this financial information or any other information.

3.    **Description of Cases and "As Of" Information Date.** On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. On December 4, 2019 Jeoffrey L. Burtch was appointed as interim trustee of the estate pursuant to Section 701 of the Bankruptcy Code. The Debtor did not file bankruptcy Schedules and Statements with its voluntary petition.

Unless otherwise noted, the Schedules and Statements reflect the Debtors' books and records as of the close of business on Tuesday, November 26, 2019. As discussed above, the Petition Date was Wednesday, November 27, 2019. No business was conducted on the Petition Date other than work performed by the Debtor's professionals.

4.    **Net Book Value of Assets.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for each of their assets on an individual-asset basis.

Nonetheless, because the book value of certain assets may differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements. Given the nature of the Debtor's business, this has limited implications to the values presented.

Claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights respecting such credits, allowances, and other adjustments. Nothing in the Debtor's Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

5.   **Recharacterization.**   Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's businesses. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

6.   **Liabilities.**   The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Given the nature of the Debtor's business, this has limited implications to the values presented.

Certain liabilities have been disclosed as contingent, unliquidated, and/or disputed in the Schedules. In the Debtor's estimation, the final allowed amount of these claims may be materially different than the amount currently included in the Debtor's books and records. Accordingly, the Debtor has listed these liabilities as contingent, unliquidated, and/or disputed.

7.    **Excluded Assets and Liabilities.**    Certain assets and liabilities may have been unintentionally excluded due to the limited information available to the Consultant other than information obtained by Huron during its involvement with Giga before the Petition Date.

8.    **Insiders.**   For purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers, or persons in control of the Debtor; and (e) debtor/non-Debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor does not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

9.    **Intellectual Property Rights.**    Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.    **Executory Contracts.**    The Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

11.    **Classifications.**    Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

12.    **Claims Description.**  Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtor reserves all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtor expressly reserves all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

13.    **Causes of Action.**  Despite their commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14.    **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

- Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Non-Duplication.  Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in one Schedule or Statement as responsive to certain other Statements and Schedules, without duplication, to avoid double counting of certain assets and liabilities.  Although the Debtor has made a good

faith effort to remove duplicate references of certain of their assets and liabilities, inadvertent errors, or failures to omit may result in duplicate references for certain of the Debtor's assets or liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16. **Setoffs.** The Debtor may incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items, including pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes between the Debtor and its vendors, suppliers, or other counterparties. These normal setoffs are consistent with the ordinary course of business. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements, except as specifically set forth herein.

17. **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

<u>**Schedules A/B**</u>
**Part 1, Question 3.** The bank account listed is the Debtor's only known operating account as of the Petition Date, the value of which has since been turned over to the Chapter 7 trustee.

**Part 2, Question 7.** The security deposit for the Debtor's leased office space at 607 Herndon Parkway #302, Herndon, VA 20170 was provided by the Chapter 7 trustee after discussions with the landlord after the Petition Date and was not independently verified by the Consultant.

**Part 3, Question 11.** The accounts receivable balances are based on customer invoice information accumulated by the Debtor's employees in November 2019, all of which are now greater than 90 days past due. Due to the length of time since the invoice was delivered and the cessation of the Debtor's business prior to the Petition Date, the accounts receivable balances are considered entirely doubtful and uncollectable.

**Part 4, Question 15.** In January 2019, Giga acquired an approximately 35% equity ownership stake in Vaultize Technologies Private Limited ("Vaultize) through a stock purchase agreement for the purchase of 200,000 of the equity shares of Vaultize owned by Anand Kekre, Ankur Panchbudhe, Meenal Kekre, and Sanjyoti Panchbudhe (collectively, the "Vaultize Founders"). Upon this event, Tata Capital Innovations Fund ("TCIF"), a domestic venture capital fund registered with the Securities and Exchange Board of India and the majority owner of Vaultize at that time, and Vaultize, granted operational, management and all other control of Vaultize to which Giga may otherwise be entitled if it were the sole owner of all the shares of Vaultize. After the

effective date of the stock purchase agreement, TCIF converted all its compulsorily convertible preferred shares ("CCPS") of Vaultize into equity shares, retaining no CCPS in Vaultize. TCIF further executed and implemented a subscription rights offering necessary to dilute TCIF's interest in the company to less than 5%. These events occurred prior to the Petition Date, which resulted in Giga owning approximately 96% of Vaultize as of the Petition Date.

**Part 7.** Huron, in its role as CRO and DCRO before the Petition Date, did not obtain an asset register from the Company and is not aware if such information exists. The Debtor has various office furniture, fixtures, equipment, and collectibles on its leased premises in Herndon, VA of which the ownership and value is unable to be determined and does not appear to have meaningful value to the Debtor, such that obtaining a formal valuation is not warranted on the basis of a cost-benefit analysis.

**Part 9, Question 55.** The office space lease at 607 Herndon Parkway #302, Herndon, VA 20170 was rejected on March 26, 2020.

**Part 10.** The intellectual property listed is based on the schedules included in the Debtor's Term Loan Agreement, dated as of July 31, 2019, by and among Gigamedia Access Corporation, as a Borrower, and Crystal Financial, LLC, as Term Agent (among other loan parties) and was not separately verified.

<u>**Schedule D**</u>
The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens.

The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding listed in the Debtor's Schedules reflect approximate amounts as of the Petition Date.

<u>**Schedule E/F**</u>
The Debtor has used commercially reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing but limited books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. The Debtor has made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtor's open accounts payable.

The Debtor has not included a list of its customers who may hold a Claim against the Debtor. The Debtor does not have information to determine the amounts that may be owed to the Debtor's customers and, as a result, has not included these amounts in Schedule E/F.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the exact date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule E/F.

**Schedule G**
The Debtor's existing books, records, and financial systems are inadequate to identify and schedule all executory contracts of the Debtor. While diligent efforts have been made to compile the information included on the Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts. The Debtor reserves all of its rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G, as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an enterprise similar to the Debtor, the Debtor may be party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtor has therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtor reserves all of its rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or

unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtor reserves all its rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

Agreements between the Debtor and its customers for software licenses or services are not included in Schedule G.

### Specific Disclosures with Respect to the Debtors' Statements

### Statement 1 and 2
The Debtor estimated its gross revenue using the aggregate cash deposits and credits shown on its available bank statements that could be reasonably compared and matched to customer lists created by its personnel. Certain miscellaneous cash credits or deposits that could not be matched to a customer are included as unidentified deposits. Non-business revenue includes interest earned on cash held in bank accounts.

### Statement 3
The information provided in Statement 3 shall not constitute a waiver of any of the Debtor's rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing.

For items paid via paper check, the date of payment/transfer listed is the date the paper check was generated by the Debtor, but the recipient of the check may not be identifiable from the available bank statements. The reasons provided for each payment in Statement 3 are based on the best information available.

To the extent that any payment was made to an insider within 90 days of the Petition Date, they are reported in Statement 4 and are excluded from Statement 3.

### Statement 4
The information provided in Statement 4 does not include wages paid to employees, contractors or consultants who are insiders, which are estimated and included on Statement 30.

### Statement 7
Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  Additionally, any information contained in Statement 7 shall not be a binding admission of the Debtor's liabilities with respect to any of the suits and proceedings identified therein.  The Debtor is not aware of any EEOC or workers compensation claims.  As such, none have been included in Statement 7.  The Debtor reserves all rights with respect to the suits and administrative proceeding set forth in Statement 7 and any claims filed in relation to such suits and administrative proceedings.

## Statement 11

Matthew Kahn (MRSAKAHN, LLC) was appointed the sole director of the Debtor on October 21, 2019 and received $20,000.00 for monthly services in October 2019 and November 2019 on November 1, 2019. Mr. Kahn resigned as director on November 26, 2019.

Pursuant to its engagement letter dated October 21, 2019, Huron Consulting Services LLC was hired by Mr. Kahn on behalf of Giga and paid $200,000 as a retainer for CRO/DCRO services on November 4, 2019. On November 25, 2019, Huron Consulting Services LLC amended its engagement letter such that, upon Giga filing a petition for chapter 7 protection under the Bankruptcy Code, the services of the CRO/DCRO would be limited to, and Giga's engagement thereof would be for the sole purpose of, attending a meeting of creditors or similar meeting as may be required under section 341 of the Bankruptcy Code, and the CRO/DCRO would have no other obligations thereunder following Petition Date.

Pursuant to its engagement letter dated October 21, 2019, Milbank LLP was hired by Giga and paid $100,000.00 as a retainer for legal services on November 1, 2019. On November 26, 2019, Milbank refunded $36,116.50 of its retainer to Giga.

Pursuant to its engagement letter dated November 25, 2019, Fox Rothschild LLP was hired by Mr. Kahn on behalf of Giga and paid $12,000.00 as a retainer for legal services plus $335 for bankruptcy protection filing fees on November 26, 2019.

## Statement 13

Statement 13 includes the following types of transfers that the Consultant, in its best business judgement and based on information available to it, deemed non-ordinary course:

- One-time commissions or legal settlements for the same
- Payments made to satisfy obligations under confessed judgments
- Fees paid to potential capital providers for diligence
- Payments made to parties that were identified as equity investors
- Payments made to insiders not already listed on Statement 4 or 30
- Payments made to parties that the Consultant could not otherwise verify or determine were ordinary trade vendors
- All checks without identifiable payees

## Statement 26b

The Debtor provided various existing and potential investors their audit report for 2018 and years prior. The 2018 audit report was purportedly conducted by Baker Tilly LP. The accuracy and authenticity of such reports remains in question.

In June 2019, the Debtor's CFO resigned and subsequently provided consulting services to the Debtor as Sovran Accounting Services, pursuant to a Consulting Agreement dated June 11, 2019.

## Statement 26d

The Debtor provided financial statements to numerous existing investors in the two years preceding the Petition Date. Those investors that the Consultant verified received financial

information are listed on Statement 26d. Huron cannot verify the accuracy or authenticity of financial information provided to parties listed on Statement 26d.

The Debtor engaged Stephens Inc. ("Stephens") in October 2014 as a financial advisor for a proposed business combination. In June 2016, the Stephens engagement was amended to include services related to securing debt or equity capital. A second amendment to the engagement occurred in February 2019. As part of this engagement, Stephens assisted the Debtor to prepare a confidential information memorandum which contained financial information from the Debtor. Huron reviewed multiple letters of intent from external investors to contribute equity capital to Giga from the Stephens process.

Huron also received an executed Statement of Work from Grant Thornton LLP, dated August 5, 2019 to perform financial due diligence on Giga, which included reading financial statements and other records, making inquiries of the Debtor's management and analyzing the information obtained, as part of the scope of services. Huron was not able to verify the extent of Grant Thornton's financial statement review or if they completed the scope of services contemplated in the Statement of Work.

In connection with the Debtor's initiatives to raise new capital, the Debtor's may have provided financial statements to numerous parties under non-disclosure agreements ("NDAs") or through a data room. Due to the confidentiality requirements of the NDAs, such parties are not listed in response to Statement 26d.

## Statement 30
The amounts listed on Statement 30 paid to individuals include wages paid to insiders based on Huron's review of W-2 information for 2019 and monthly wages estimates paid in December 2018 pursuant to annual base salary information received from the Debtor's human resources staff.

The amounts listed on Statement 30 paid to Sovran Accounting Services and Horatius LLC are payments made by Giga through its payroll processor and reported as a 1099 recipient in 2019. The amounts paid directly to Sovran Accounting Services listed in Statement 4 are separate and non-duplicative from the amounts listed in Statement 30.

*      *      *

**Fill in this information to identify the case:**

Debtor name ___GigaMedia Access Corporation___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): ___19-12537-KBO___

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2019 to (11/27/2019) Filing date | ☒ Operating a business<br>☒ Other  Unidentified Deposits | $ 271,882.10 |
| For prior year: | From 1/1/2018 to 12/31/2018 | ☒ Operating a business<br>☒ Other  Unidentified Deposits | $ 1,249,904.70 |
| For the year before that: | From 1/1/2017 to 12/31/2017 | ☒ Operating a business<br>☒ Other  Unidentified Deposits | $ 1,492,158.43 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2019 to (11/27/2019) Filing date | Interest | $ 23,223.90 |
| For prior year: | From 1/1/2018 to 12/31/2018 | None | $ 0.00 |
| For the year before that: | From 1/1/2017 to 12/31/2017 | None | $ 0.00 |

Debtor     GigaMedia Access Corporation
           Name

Case number (if known)   19-12537-KBO

---

**Part 2:     List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. *See Attached 2.3*<br>Creditor's name<br><br>Street<br><br>City     State     ZIP Code | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2.<br>Creditor's name<br><br>Street<br><br>City     State     ZIP Code | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. *See Attached 2.4*<br>Insider's name<br><br>Street<br><br>City     State     ZIP Code | _____ | $_____ | _____ |
| **Relationship to debtor**<br><br>_____ | | | |
| 4.2.<br>Insider's name<br><br>Street<br><br>City     State     ZIP Code | | $_____ | _____ |
| **Relationship to debtor**<br><br>_____ | | | |

Debtor  GigaMedia Access Corporation
        _____
        Name

Case number (*if known*)  19-12537-KBO
                          _____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☐ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. **NONE THAT AWARE OF** | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| | | | |
| City            State      ZIP Code | | | |
| 5.2. | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| | | | |
| City            State      ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| **NONE THAT AWARE OF** | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| | Last 4 digits of account number: XXXX– __ __ __ __ | | |
| City            State      ZIP Code | | | |

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. 2019-9076 | Judgment on Stock Sale and Purchase Agreement | Fairfax County Circuit Court  *Case Status Unknown* | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | | |
| | | City            State      ZIP Code | |
| Case title | | Court or agency's name and address | |
| 7.2. Unknown | Grand Jury Subpoena | United Stated Attorney Southern District of New York *Case Status Unknown* | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | | |
| | | City            State      ZIP Code | |

Debtor    GigaMedia Access Corporation    Case number (if known) 19-12537-KBO
_____    _____
Name

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| NONE THAT AWARE OF | _____ | $_____ |
| Custodian's name | | |
| Street | **Case title** | **Court name and address** |
| _____ | _____ | |
| City        State        ZIP Code | **Case number** | Name |
| | _____ | Street |
| | **Date of order or assignment** | |
| | _____ | City        State        ZIP Code |

---

## Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| NONE THAT AWARE OF | | | |
| 9.1.  Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| _____ | | | |
| 9.2.  Recipient's name | _____ | | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| _____ | | | |

---

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| NONE THAT AWARE OF | _____ | _____ | $_____ |

---

Debtor ___GigaMedia Access Corporation_____   Case number *(if known)*__19-12537-KBO_____
       Name

---

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | *See Attached 6.11* | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ Street | | | |
| | _____ City        State    ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ Street | | | |
| | _____ City        State    ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☐ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | NONE THAT AWARE OF | _____ | _____ | $_____ |
| | **Trustee** | _____ | | |
| | _____ | | | |

---

Debtor    GigaMedia Access Corporation
_____    Case number (if known)___19-12537-KBO_____
          Name

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | *See Attached 6.13* | _____ | _____ | $_____ |
| | | _____ | | |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City          State    ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City          State    ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | **NONE THAT AWARE OF** | From _____ To _____ |
| | _____ Street | |
| | _____ City          State    ZIP Code | |
| 14.2. | _____ Street | From _____ To _____ |
| | _____ | |
| | _____ City          State    ZIP Code | |

---

Debtor    GigaMedia Access Corporation
_____
Name

Case number *(if known)*    19-12537-KBO
_____

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|---|
| 15.1. | NONE THAT AWARE OF - GO TO PART 9 _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | _____ | *Check all that apply:* |
| | _____<br>City          State          ZIP Code | _____ | ☐ Electronically<br>☐ Paper |

| | **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|---|
| 15.2. | _____<br>Facility name | _____<br>_____ | _____ |
| | _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | _____ | *Check all that apply:* |
| | _____<br>City          State          ZIP Code | _____ | ☐ Electronically<br>☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.    NONE THAT AWARE OF

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☒ Yes. Fill in below:

| **Name of plan** | |
|---|---|
| Gigamedia Access Corporation 401(k) | **Employer identification number of the plan** |
| | EIN: _0_ _7_ _0_ – _0_ _1_ _8_ _4_ _8_ _1_ |

Has the plan been terminated?

☒ No    *Principal Life Insurance Company, Des Moines, IA  50306-9394

☐ Yes

---

| Debtor | GigaMedia Access Corporation | Case number (if known) | 19-12537-KBO |
|---|---|---|---|
| | Name | | |

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | *See Attached 10.18*<br>Name<br>Street<br>City        State        ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | Name<br>Street<br>City        State        ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☐ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| NONE THAT AWARE OF<br>Name<br>Street<br>City        State        ZIP Code | <br><br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| NONE THAT AWARE OF<br>Name<br>Street<br>City        State        ZIP Code | <br><br>Address | | ☐ No<br>☐ Yes |

Debtor    GigaMedia Access Corporation
     Name

Case number *(if known)*  19-12537-KBO

---

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| **NONE THAT AWARE OF** | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

---

## Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No  **NONE THAT AWARE OF**
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| _____ | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No    **NONE THAT AWARE OF**
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | _____ |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor ___GigaMedia Access Corporation_____    Case number *(if known)*___19-12537-KBO_____
        Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
- ☐ No    **NONE THAT AWARE OF**
- ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

- ☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | VAULTIZE TECHNOLOGIES PRIVATE LIMITED<br>Name<br>OFFICE NO. 908/909<br>Street<br>TEERTH TECHNOSPACE, PUNE BANGLADORE HIGHWAY<br>BANER, PUNE, INDIA 411045<br>City          State          ZIP Code | DIGITAL RIGHTS MANAGEMENT | EIN: __N/A__ __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _2013____  To _2020____ |
| 25.2. | Name<br>Street<br>City          State          ZIP Code | | EIN: __ __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.3. | Name<br>Street<br>City          State          ZIP Code | | EIN: __ __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |

---

Debtor    GigaMedia Access Corporation
          _____
          Name

Case number (if known)___19-12537-KBO_____

---

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.1. | NIHAT CARDAK | | From 9/13/06 | To 6/11/19 |
| | Name | | | |
| | 13306 STURNO DRIVE | | | |
| | Street | | | |
| | CLIFTON | VA | 20124 | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.2. | KIMBERLY HWANG | | From 9/15/16 | To 11/22/19 |
| | Name | | | |
| | 25566 PALENZA TERRACE | | | |
| | Street | | | |
| | CHANTILLY | VA | 20152 | |
| | City | State | ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26b.1. | SOVRAN ACCOUNTING SERVICES | | From 6/11/19 | To 10/21/2019 |
| | Name | | | |
| | 13306 STURNO DRIVE | | | |
| | Street | | | |
| | CLIFTON | VA | 20124 | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26b.2. | BAKER TILLY LLP* | | From 2017 | To 2018 |
| | Name | | | |
| | 8219  LEESBURG PIKE SUITE 800 | | | *According to audited financial statements provided to Crystal Financial LLC, whose authenticity is in question. |
| | Street | | | |
| | TYSONS | VA | 22182 | |
| | City | State | ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| 26c.1. | HURON CONSULTING SERVICES LLC* (From 10/21/2019 to 11/27/19) | | *Huron served as Chief Restructuring Officer ("CRO") after the termination of the Chief Financial Officer on 10/21/19. Shortly after Huron's appointment as CRO, Huron determined that the books and records of the debtor prior to its involvement could not be relied upon and it primarily utilized bank statements to record historical business activity of the debtor. |
| | Name | | |
| | 500 WEST VAN BUREN STREET | | |
| | Street | | |
| | CHICAGO | IL | 60607 |
| | City | State | ZIP Code |

Debtor   GigaMedia Access Corporation
         _____
         Name

Case number (*if known*)___19-12537-KBO_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | _____ |
| Street | _____ |
| | _____ |
| City        State      ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   *See Attached Part 13:26d* |
| Name |
| Street |
| |
| City        State      ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| |
| City        State      ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No   **NONE THAT AWARE OF**

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| |
| City        State      ZIP Code |

Debtor   GigaMedia Access Corporation
_____
         Name

Case number (if known)   19-12537-KBO
_____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2.  _____
       Name

       _____
       Street

       _____
       City                          State      ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| *See Attached 13.28* | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE MCLEAN VA 22101 | CHIEF EXECUTIVE OFFICER & DIRECTOR | (SHAREHOLDER) From _____ To _____ |
| NIHAT CARDAK | 13306 STURNO DRIVE CLIFTON VA 20124 | CHIEF FINANCIAL OFFICER & DIRECTOR | UNKNOWN From _____ To _____ |
| DAVID KESICK | 744 SUGARLAND RUN DRIVE STERLING VA 20164 | DIRECTOR | UNKNOWN From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.  *See Attached 13.30* | _____ | _____ | _____ |
|        Name | | | |
|        _____ Street | | _____ | |
|        _____ City          State      ZIP Code | | _____ | |
|        **Relationship to debtor** | | _____ | |
|        _____ | | _____ | |

Debtor      GigaMedia Access Corporation
            _____
            Name

Case number (if known)   19-12537-KBO
_____

| **Name and address of recipient** | | | | |
|---|---|---|---|---|
| 30.2 | _____ | _____ | _____ | _____ |
| | Name | | | _____ |
| | Street | | | _____ |
| | _____ | | | _____ |
| | City          State          ZIP Code | | | _____ |
| | **Relationship to debtor** | | | _____ |
| | _____ | | | _____ |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
   - ☐ No
   - ☐ Yes. Identify below.

| **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
|---|---|
| NONE THAT AWARE OF | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
   - ☐ No
   - ☐ Yes. Identify below.

| **Name of the pension fund** | **Employer Identification number of the pension fund** |
|---|---|
| NONE THAT AWARE OF | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ |

## Part 14:      Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     08 / 04 / 2020

✖ *Brett Anderson*
_____
Signature of individual signing on behalf of the debtor

Printed name    Brett Anderson
_____

Position or relationship to debtor    Consultant to the Estate of the Debtor
_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
   - ☐ No
   - ☒ Yes

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| ANTHEM BLUE CROSS | 2015 STAPLES MILL RD | RICHMOND | VA | 23230 | USA | 9/3/2019 | $ 30,911.00 | $ 155,280.56 | HEALTH INSURANCE |
| ANTHEM BLUE CROSS | 2015 STAPLES MILL RD | RICHMOND | VA | 23230 | USA | 10/1/2019 | $ 53,732.53 | $ 155,280.56 | HEALTH INSURANCE |
| ANTHEM BLUE CROSS | 2015 STAPLES MILL RD | RICHMOND | VA | 23230 | USA | 11/4/2019 | $ 40,491.27 | $ 155,280.56 | HEALTH INSURANCE |
| ANTHEM BLUE CROSS | 2015 STAPLES MILL RD | RICHMOND | VA | 23230 | USA | 11/25/2019 | $ 30,145.76 | $ 155,280.56 | HEALTH INSURANCE |
| ARTHUR M CARLIN | 6603 JILL CT | MCLEAN | VA | 22101-1613 | USA | 9/4/2019 | $ 20,000.00 | $ 20,000.00 | INVESTOR PAYMENT |
| BAKER BOTTS LLP | 30 ROCKEFELLER PLAZA | NEW YORK | NY | 10112-4498 | USA | 10/3/2019 | $ 100,000.00 | $ 100,000.00 | PROFESSIONAL FEES |
| CHARLES SCHWAB (PRIDDY TRUST) | 9101 W. ATLA DRIVE #1001 | LAS VEGAS | NV | 89145 | USA | 10/17/2019 | $ 4,000,000.00 | $ 4,000,000.00 | INVESTOR PAYMENT |
| CHECK 10003 | | | | | USA | 10/16/2019 | $ 7,500.00 | 7,500.00 | UNKNOWN |
| COX COMMUNICATIONS | 3080 CENTREVILLE ROAD | HERNDON | VA | 20171 | USA | 9/3/2019 | $ 4,959.40 | $ 7,418.94 | VENDOR PAYMENT |
| COX COMMUNICATIONS | 3080 CENTREVILLE ROAD | HERNDON | VA | 20171 | USA | 10/11/2019 | $ 2,459.54 | $ 7,418.94 | VENDOR PAYMENT |
| CRYSTAL FINANCIAL LLC | TWO INTERNATIONAL PLACE 17TH FLOOR | BOSTON | MA | 02110 | USA | 9/3/2019 | $ 171,902.78 | $ 330,444.45 | DEBT SERVICE |
| CRYSTAL FINANCIAL LLC | TWO INTERNATIONAL PLACE 17TH FLOOR | BOSTON | MA | 02110 | USA | 9/30/2019 | $ 158,541.67 | $ 330,444.45 | DEBT SERVICE |
| DOUMAR MARTIN PLLC | 1530 WILSON BLVD UNIT 430 | ARLINGTON | VA | 22209 | USA | 10/3/2019 | $ 9,403.10 | $ 9,403.10 | PROFESSIONAL FEES |
| FOLEY HOAG LLP | 155 SEAPORT BOULEVARD | BOSTON | MA | 02210-2600 | USA | 11/1/2019 | $ 24,813.50 | $ 27,126.00 | PROFESSIONAL FEES |
| FOLEY HOAG LLP | 155 SEAPORT BOULEVARD | BOSTON | MA | 02210-2600 | USA | 11/26/2019 | $ 2,312.50 | $ 27,126.00 | PROFESSIONAL FEES |
| FOX ROTHSCHILD LLP | CITIZENS BANK CENTER, 919 N. MARKET STREET | WILMINGTON | DE | 19899-2323 | USA | 11/26/2019 | $ 12,335.00 | $ 12,335.00 | PROFESSIONAL FEES |
| H/F WATER DRAGON, LLC | 9230 LEESBURG PIKE SUITE 620 | VIENNA | VA | 22182 | USA | 9/4/2019 | $ 17,777.08 | $ 53,331.24 | RENT |
| H/F WATER DRAGON, LLC | 9230 LEESBURG PIKE SUITE 620 | VIENNA | VA | 22182 | USA | 10/3/2019 | $ 17,777.08 | $ 53,331.24 | RENT |
| H/F WATER DRAGON, LLC | 9230 LEESBURG PIKE SUITE 620 | VIENNA | VA | 22182 | USA | 11/5/2019 | $ 17,777.08 | $ 53,331.24 | RENT |
| HURON CONSULTING SERVICES LLC | 550 W. VAN BUREN STREET | CHICAGO | IL | 60607 | USA | 11/4/2019 | $ 200,000.00 | $ 200,000.00 | PROFESSIONAL FEES |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 11/1/2019 | $ 7,920.00 | $ 27,180.00 | CONTRACTOR |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 11/15/2019 | $ 8,640.00 | $ 27,180.00 | CONTRACTOR |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 11/22/2019 | $ 10,620.00 | $ 27,180.00 | CONTRACTOR |
| IMPACT SOFTWARE SOULTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 9/3/2019 | $ 7,920.00 | $ 28,530.00 | CONTRACTOR |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 9/13/2019 | $ 7,920.00 | $ 28,530.00 | CONTRACTOR |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 9/30/2019 | $ 5,040.00 | $ 28,530.00 | CONTRACTOR |
| IMPACT SOFTWARE SOLUTIONS INC | 12001 CREEKBEND DR | RESTON | VA | 20194 | USA | 10/15/2019 | $ 7,650.00 | $ 28,530.00 | CONTRACTOR |
| IPFS | 462 SOUTH 4TH STR, #1700 MEIDINGER TOWER | LOUISVILLE | KY | 40202-2509 | USA | 11/20/2019 | $ 8,903.72 | $ 79,292.46 | D&O INSURANCE |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| IPFS | 462 SOUTH 4TH STR, #1700 MEIDINGER TOWER | LOUISVILLE | KY | 40202-2509 | USA | 11/27/2019 | $  70,388.74 | $  79,292.46 | D&O INSURANCE |
| JACOB ANTHONY KING | 4509 MADISON STREET | RIVERDALE | MD | 20737 | USA | 9/10/2019 | $  3,480.00 | $  7,080.00 | CONTRACTOR |
| JACOB ANTHONY KING | 4509 MADISON STREET | RIVERDALE | MD | 20737 | USA | 10/1/2019 | $  3,600.00 | $  7,080.00 | CONTRACTOR |
| JAMES TAYLOR | 20868 CHANNEL CT | POTOMAC FALLS | VA | 20165 | USA | 9/4/2019 | $  7,500.00 | $  22,500.00 | INVESTOR PAYMENT |
| JAMES TAYLOR | 20868 CHANNEL CT | POTOMAC FALLS | VA | 20165 | USA | 9/19/2019 | $  7,500.00 | $  22,500.00 | INVESTOR PAYMENT |
| JAMES TAYLOR | 20868 CHANNEL CT | POTOMAC FALLS | VA | 20165 | USA | 10/7/2019 | $  7,500.00 | $  22,500.00 | INVESTOR PAYMENT |
| JESSE VAUGHAN | 15301 LIMESTONE RD | LEESBURG | VA | 20176 | USA | 11/27/2019 | $  7,181.16 | $  7,181.16 | EXPENSE REIMBURSEMENT |
| JOHN SHALAM | 126 WHEATLEY RD | OLD WESTBURY | NY | 11568 | USA | 10/3/2019 | $  100,000.00 | $  100,000.00 | CONFESSED JUDGMENT PROMISSORY NOTE |
| JOSEPH LAWN | 3214 N 19TH ROAD | ARLINGTON | VA | 22201 | USA | 9/5/2019 | $  5,000.00 | $  15,000.00 | INVESTOR PAYMENT |
| JOSEPH LAWN | 3214 N 19TH ROAD | ARLINGTON | VA | 22201 | USA | 9/20/2019 | $  5,000.00 | $  15,000.00 | INVESTOR PAYMENT |
| JOSEPH LAWN | 3214 N 19TH ROAD | ARLINGTON | VA | 22201 | USA | 10/7/2019 | $  5,000.00 | $  15,000.00 | INVESTOR PAYMENT |
| JOSEPH POTASHNIK RETAINER | 111 BROADWAY #901 | NEW YORK | NY | 10006 | USA | 10/3/2019 | $  24,000.00 | $  24,000.00 | PROFESSIONAL FEES |
| MARGARET LIT | C/O ANEW LIFE CENTER 7535 EAST HAMPDEN AVENUE SUITE 352 | DENVER | CO | 80231 | USA | 9/5/2019 | $  10,000.00 | $  30,000.00 | INVESTOR PAYMENT |
| MARGARET LIT | C/O ANEW LIFE CENTER 7535 EAST HAMPDEN AVENUE SUITE 352 | DENVER | CO | 80231 | USA | 9/19/2019 | $  10,000.00 | $  30,000.00 | INVESTOR PAYMENT |
| MARGARET LIT | C/O ANEW LIFE CENTER 7535 EAST HAMPDEN AVENUE SUITE 352 | DENVER | CO | 80231 | USA | 10/8/2019 | $  10,000.00 | $  30,000.00 | INVESTOR PAYMENT |
| MATTHEW KAHN | 36 BRUSH HILL ROAD | NEWTON | MA | 02461 | USA | 11/1/2019 | $  20,000.00 | $  20,000.00 | BOARD FEES |
| MESIROW INSURANCE SERVICES, INC. | 29278 NETWORK PLACE | CHICAGO | IL | 60673-1292 | USA | 11/6/2019 | $  19,756.57 | $  19,756.57 | D&O INSURANCE |
| MILBANK LLP | 55 HUDSON YARDS | NEW YORK | NY | 10001-2163 | USA | 11/1/2019 | $  100,000.00 | $  100,000.00 | PROFESSIONAL FEES |
| PROACTIVE PATENTS | 955 GARDEN PARK DRIVE | ALLEN | TX | 75013 | USA | 9/5/2019 | $  7,500.00 | $  7,500.00 | VENDOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 9/16/2019 | $  50,000.00 | $  50,000.00 | INVESTOR PAYMENT |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 9/9/2019 | $  50,000.00 | $  50,000.00 | INVESTOR PAYMENT |
| ROBIN BROOKS | 300 SOUTH POINT DR, #4202 | MIAMI BEACH | FL | 33139 | USA | 8/30/2019 | $  100,000.00 | $  250,000.00 | INVESTOR PAYMENT |
| ROBIN BROOKS | 300 SOUTH POINT DR, #4202 | MIAMI BEACH | FL | 33139 | USA | 9/17/2019 | $  75,000.00 | $  250,000.00 | INVESTOR PAYMENT |
| ROBIN BROOKS | 300 SOUTH POINT DR, #4202 | MIAMI BEACH | FL | 33139 | USA | 10/1/2019 | $  75,000.00 | $  250,000.00 | INVESTOR PAYMENT |
| RSA CONFERENCE | NTH DEGREE - RSA LOCKBOX 116368 100 SOUTH CREST DRIVE | STOCKBRIDGE | GA | 30281 | USA | 10/3/2019 | $  42,000.00 | $  42,000.00 | VENDOR PAYMENT |
| SHANGHAI BLUE CLOUD (21 VIANET) | NO.10 JIUXIANQIAO EAST ROAD, CHAOYANG DISTRICT | BEIJING | | | CHINA | 10/1/2019 | $  50,000.00 | $  50,000.00 | VENDOR PAYMENT |
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 9/3/2019 | $  1,290.00 | $  50,387.58 | CONTRACTOR |
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 9/13/2019 | $  17,597.58 | $  50,387.58 | CONTRACTOR |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 11/6/2019 | $ 10,500.00 | $ 50,387.58 | CONTRACTOR |
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 11/12/2019 | $ 10,500.00 | $ 50,387.58 | CONTRACTOR |
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 11/19/2019 | $ 6,300.00 | $ 50,387.58 | CONTRACTOR |
| SVY LLC | 11606 MAGRUDER LN | ROCKVILLE | MD | 20852 | USA | 11/21/2019 | $ 4,200.00 | $ 50,387.58 | CONTRACTOR |
| THE HARTFORD | 8711 UNIVERSITY EAST DRIVE | CHARLOTTE | NC | 28213 | USA | 9/4/2019 | $ 7,610.63 | $ 13,766.57 | BUSINESS INSURANCE |
| THE HARTFORD | 8711 UNIVERSITY EAST DRIVE | CHARLOTTE | NC | 28213 | USA | 10/4/2019 | $ 985.87 | $ 13,766.57 | BUSINESS INSURANCE |
| THE HARTFORD | 8711 UNIVERSITY EAST DRIVE | CHARLOTTE | NC | 28213 | USA | 11/4/2019 | $ 5,170.07 | $ 13,766.57 | BUSINESS INSURANCE |
| VAULTIZE TECHNOLOGIES PRIVATE LIMITED | OFFICE NO. 908/909, TEERTH TECHNOSPACE, PUNE BANGALORE HIGHWAY, BANER | PUNE | | 411045 | INDIA | 9/23/2019 | $ 126,600.00 | $ 126,600.00 | SUBSIDIARY FUNDING |
| ZINTEL PUBLIC RELATIONS LLC | 140 CYPRESS STATION DRIVE SUITE 217 | HOUSTON | TX | 77090 | USA | 10/10/2019 | $ 7,500.00 | 7,500.00 | VENDOR PAYMENT |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 12/14/2018 | $ 6,000.00 | $ 706,000.00 | UNKNOWN |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 1/25/2019 | $ 500,000.00 | $ 706,000.00 | UNKNOWN |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 8/1/2019 | $ 200,000.00 | $ 706,000.00 | UNKNOWN |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 1/25/2019 | $ 1,000,000.00 | $ 2,025,000.00 | UNKNOWN |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 1/28/2019 | $ 375,000.00 | $ 2,025,000.00 | UNKNOWN |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 6/3/2019 | $ 100,000.00 | $ 2,025,000.00 | UNKNOWN |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 8/1/2019 | $ 500,000.00 | $ 2,025,000.00 | UNKNOWN |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 8/6/2019 | $ 50,000.00 | $ 2,025,000.00 | UNKNOWN |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 12/5/2018 | $ 5,100.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 12/21/2018 | $ 4,800.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 2/4/2019 | $ 8,600.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 2/14/2019 | $ 7,600.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 3/5/2019 | $ 4,300.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 6/5/2019 | $ 5,200.00 | $ 40,800.00 | CONSULTING SERVICES |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 6/17/2019 | $ 5,200.00 | $ 40,800.00 | CONSULTING SERVICES |

**6.11**

GIGAMEDIA ACCESS CORPORATION

19-12537-KBO

| Who was paid or who received the transfer? | Dates | Amount | Email / Website |
|---|---|---|---|
| MRSAKAHN LLC | 11/1/2019 | $20,000.00 | Personal email not disclosed herein |
| MILBANK LLP | 11/1/2019* | $63,883.50 | www.milbank.com |
| HURON CONSULTING SERVICES LLC | 11/4/2019 | $200,000.00 | www.huronconsultinggroup.com |
| FOX ROTHSCHILD LLP | 11/26/2019 | $12,335.00 | www.foxrothschild.com |

*$36,116.50 of $100,000.00 retainer funded on November 1, 2019 was returned on November 26, 2019.

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| ANAND A. KEKRE | C801 PRIDE PANORAMA BAHIRATWADI, SHIVAJINAGAR | PUNE | | 411016 | INDIA | 1/25/2019 | $ 167,788.00 | $ 167,788.00 | INVESTOR PAYMENT |
| ANKUR PANCHBUDHE | A205, BEVERLY HILLS, PANCARD CLUB ROAD | BANER, PUNE | MAHARASHTRA | 411045 | INDIA | 1/25/2019 | $ 167,788.00 | $ 167,788.00 | INVESTOR PAYMENT |
| ARTHUR M CARLIN | 6603 JILL CT | MCLEAN | VA | 22101-1613 | USA | 8/2/2019 | $ 20,000.00 | $ 20,000.00 | INVESTOR PAYMENT |
| CHECK | | | | | | 6/20/2018 | $ 750.00 | $ 750.00 | UNKNOWN |
| CHECK NUMBER 1 | | | | | | 6/29/2018 | $ 5,810.00 | $ 5,810.00 | UNKNOWN |
| CHECK NUMBER 10 | | | | | | 7/17/2018 | $ 6,000.00 | $ 6,000.00 | UNKNOWN |
| CHECK NUMBER 100000 | | | | | | 8/23/2018 | $ 200.00 | $ 200.00 | UNKNOWN |
| CHECK NUMBER 100002 | | | | | | 9/4/2018 | $ 90.00 | $ 90.00 | UNKNOWN |
| CHECK NUMBER 100003 | | | | | | 9/6/2018 | $ 80.00 | $ 80.00 | UNKNOWN |
| CHECK NUMBER 100004 | | | | | | 9/19/2018 | $ 200.00 | $ 200.00 | UNKNOWN |
| CHECK NUMBER 100006 | | | | | | 10/22/2018 | $ 200.00 | $ 200.00 | UNKNOWN |
| CHECK NUMBER 100007 | | | | | | 10/15/2018 | $ 220.00 | $ 220.00 | UNKNOWN |
| CHECK NUMBER 100008 | | | | | | 10/18/2018 | $ 140.00 | $ 140.00 | UNKNOWN |
| CHECK NUMBER 100009 | | | | | | 12/14/2018 | $ 255.08 | $ 255.08 | UNKNOWN |
| CHECK NUMBER 11 | | | | | | 7/18/2018 | $ 7,200.00 | $ 7,200.00 | UNKNOWN |
| CHECK NUMBER 12 | | | | | | 7/18/2018 | $ 7,992.00 | $ 7,992.00 | UNKNOWN |
| CHECK NUMBER 13 | | | | | | 8/13/2018 | $ 4,150.00 | $ 4,150.00 | UNKNOWN |
| CHECK NUMBER 14 | | | | | | 8/6/2018 | $ 6,000.00 | $ 6,000.00 | UNKNOWN |
| CHECK NUMBER 15 | | | | | | 8/2/2018 | $ 2,790.00 | $ 2,790.00 | UNKNOWN |
| CHECK NUMBER 17 | | | | | | 8/21/2018 | $ 6,640.00 | $ 6,640.00 | UNKNOWN |
| CHECK NUMBER 18 | | | | | | 8/20/2018 | $ 8,000.00 | $ 8,000.00 | UNKNOWN |
| CHECK NUMBER 1800 | | | | | | 6/29/2018 | $ 4,200.00 | $ 4,200.00 | UNKNOWN |
| CHECK NUMBER 1801 | | | | | | 7/2/2018 | $ 5,000.00 | $ 5,000.00 | UNKNOWN |
| CHECK NUMBER 1802 | | | | | | 7/2/2018 | $ 28,000.00 | $ 28,000.00 | UNKNOWN |
| CHECK NUMBER 1803 | | | | | | 7/6/2018 | $ 4,000.00 | $ 4,000.00 | UNKNOWN |
| CHECK NUMBER 1804 | | | | | | 8/24/2018 | $ 750.00 | $ 750.00 | UNKNOWN |
| CHECK NUMBER 1808 | | | | | | 7/3/2018 | $ 10,880.00 | $ 10,880.00 | UNKNOWN |
| CHECK NUMBER 1809 | | | | | | 7/10/2018 | $ 24,532.41 | $ 24,532.41 | UNKNOWN |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| CHECK NUMBER 1810 | | | | | | 7/17/2018 | $ 5,480.00 | $ 5,480.00 | UNKNOWN |
| CHECK NUMBER 1812 | | | | | | 7/23/2018 | $ 2,500.00 | $ 2,500.00 | UNKNOWN |
| CHECK NUMBER 1813 | | | | | | 8/1/2018 | $ 460.00 | $ 460.00 | UNKNOWN |
| CHECK NUMBER 1814 | | | | | | 8/1/2018 | $ 1,500.00 | $ 1,500.00 | UNKNOWN |
| CHECK NUMBER 1815 | | | | | | 8/2/2018 | $ 10,280.00 | $ 10,280.00 | UNKNOWN |
| CHECK NUMBER 1816 | | | | | | 8/13/2018 | $ 348.08 | $ 348.08 | UNKNOWN |
| CHECK NUMBER 1818 | | | | | | 8/13/2018 | $ 21,366.04 | $ 21,366.04 | UNKNOWN |
| CHECK NUMBER 1821 | | | | | | 8/15/2018 | $ 5,000.00 | $ 5,000.00 | UNKNOWN |
| CHECK NUMBER 1822 | | | | | | 8/15/2018 | $ 16,595.64 | $ 16,595.64 | UNKNOWN |
| CHECK NUMBER 1823 | | | | | | 8/15/2018 | $ 7,500.00 | $ 7,500.00 | UNKNOWN |
| CHECK NUMBER 1824 | | | | | | 8/22/2018 | $ 1,325.00 | $ 1,325.00 | UNKNOWN |
| CHECK NUMBER 1828 | | | | | | 8/21/2018 | $ 13,074.00 | $ 13,074.00 | UNKNOWN |
| CHECK NUMBER 1830 | | | | | | 8/23/2018 | $ 1,885.04 | $ 1,885.04 | UNKNOWN |
| CHECK NUMBER 1832 | | | | | | 9/4/2018 | $ 16,480.00 | $ 16,480.00 | UNKNOWN |
| CHECK NUMBER 1833 | | | | | | 9/4/2018 | $ 221.91 | $ 221.91 | UNKNOWN |
| CHECK NUMBER 1834 | | | | | | 9/7/2018 | $ 7,231.14 | $ 11,023.46 | UNKNOWN |
| CHECK NUMBER 1834 | | | | | | 9/7/2018 | $ 2,200.00 | $ 11,023.46 | UNKNOWN |
| CHECK NUMBER 1834 | | | | | | 9/5/2018 | $ 1,592.32 | $ 11,023.46 | UNKNOWN |
| CHECK NUMBER 1836 | | | | | | 9/6/2018 | $ 452.00 | $ 452.00 | UNKNOWN |
| CHECK NUMBER 1837 | | | | | | 9/4/2018 | $ 10,227.46 | $ 10,227.46 | UNKNOWN |
| CHECK NUMBER 19 | | | | | | 8/15/2018 | $ 7,740.00 | $ 7,740.00 | UNKNOWN |
| CHECK NUMBER 2 | | | | | | 6/18/2018 | $ 7,000.00 | $ 7,000.00 | UNKNOWN |
| CHECK NUMBER 20 | | | | | | 9/11/2018 | $ 7,304.00 | $ 7,304.00 | UNKNOWN |
| CHECK NUMBER 21 | | | | | | 9/5/2018 | $ 7,000.00 | $ 7,000.00 | UNKNOWN |
| CHECK NUMBER 22 | | | | | | 9/4/2018 | $ 7,920.00 | $ 7,920.00 | UNKNOWN |
| CHECK NUMBER 3 | | | | | | 6/18/2018 | $ 7,920.00 | $ 7,920.00 | UNKNOWN |
| CHECK NUMBER 4 | | | | | | 6/27/2018 | $ 7,992.00 | $ 7,992.00 | UNKNOWN |
| CHECK NUMBER 5 | | | | | | 7/17/2018 | $ 7,636.00 | $ 7,636.00 | UNKNOWN |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| CHECK NUMBER 6 | | | | | | 7/2/2018 | $ 6,000.00 | $ 6,000.00 | UNKNOWN |
| CHECK NUMBER 61918 | | | | | | 6/22/2018 | $ 21,366.04 | $ 21,366.04 | UNKNOWN |
| CHECK NUMBER 7 | | | | | | 7/2/2018 | $ 6,480.00 | $ 6,480.00 | UNKNOWN |
| CHECK NUMBER 8 | | | | | | 7/5/2018 | $ 8,424.00 | $ 8,424.00 | UNKNOWN |
| CHECK NUMBER 9 | | | | | | 7/24/2018 | $ 5,312.00 | $ 5,312.00 | UNKNOWN |
| CHECK NUMBER 999999 | | | | | | 6/18/2018 | $ 13,680.00 | $ 13,680.00 | UNKNOWN |
| CHECK NUMBER 9999999999 | | | | | | 6/22/2018 | $ 5,000.00 | $ 5,000.00 | UNKNOWN |
| CRYSTAL FINANCIAL LLC | TWO INTERNATIONAL PLACE 17TH FLOOR | BOSTON | MA | 02110 | USA | 7/29/2019 | $ 75,000.00 | $ 150,000.00 | DILIGENCE FEES |
| CRYSTAL FINANCIAL LLC | TWO INTERNATIONAL PLACE 17TH FLOOR | BOSTON | MA | 02110 | USA | 7/5/2019 | $ 75,000.00 | $ 150,000.00 | DILIGENCE FEES |
| DANIEL BERNARDI | 1025 MAXWELL LANE APT 1003 | HOBOKEN | NJ | 07030 | USA | 3/13/2018 | $ 3,382.48 | $ 3,382.48 | INSIDER |
| DOUG JOHNSON | | | | | | 3/14/2019 | $ 25,000.00 | $ 25,000.00 | INVESTOR PAYMENT |
| EUGENE C. JOHNSON | 5525 CHAMBERLAIN AVE | BETHESDA | MD | 20815 | USA | 2/11/2019 | $ 109,166.00 | $ 109,166.00 | INVESTOR PAYMENT |
| GIGAMEDIA ACCESS (Prfund / Corp Pay) | | | | | | 5/21/2019 | $ 330,000.00 | $ 330,000.00 | UNKNOWN |
| INDEPENDENT INVESTMENT (SPINTA) | | | | | | 1/25/2019 | $ 235,000.00 | $ 250,000.00 | UNKNOWN |
| INDEPENDENT INVESTMENT (SPINTA) | | | | | | 1/8/2019 | $ 15,000.00 | $ 250,000.00 | UNKNOWN |
| JAMES TAYLOR | 20868 CHANNEL CT | POTOMAC FALLS | VA | 20165 | USA | 8/23/2019 | $ 7,500.00 | $ 7,500.00 | INVESTOR PAYMENT |
| JIM DAVIS | | | | | | 5/22/2019 | $ 50.00 | $ 50.00 | INVESTOR PAYMENT |
| JOHN MAGLADERY | 7516L HIRONDELLE CLUB RD | TOWSON | MD | 21204 | USA | 2/11/2019 | $ 81,875.00 | $ 81,875.00 | INVESTOR PAYMENT |
| JOHN SHALAM | 126 WHEATLEY RD | OLD WESTBURY | NY | 11568 | USA | 5/8/2019 | $ 10,000.00 | $ 273,574.45 | INVESTOR PAYMENT |
| JOHN SHALAM | 126 WHEATLEY RD | OLD WESTBURY | NY | 11568 | USA | 2/7/2019 | $ 163,574.45 | $ 273,574.45 | INVESTOR PAYMENT |
| JOHN SHALAM | 126 WHEATLEY RD | OLD WESTBURY | NY | 11568 | USA | 2/1/2019 | $ 100,000.00 | $ 273,574.45 | INVESTOR PAYMENT |
| JOSEPH LAWN | 3214 N 19TH ROAD | ARLINGTON | VA | 22201 | USA | 8/27/2019 | $ 5,000.00 | $ 5,000.00 | INVESTOR PAYMENT |
| KELVIN CLARKE | 8612 BEECH TREE ROAD | BETHESDA | MD | 20817 | USA | 2/25/2019 | $ 30,625.00 | $ 40,625.00 | INVESTOR PAYMENT |
| KELVIN CLARKE | 8612 BEECH TREE ROAD | BETHESDA | MD | 20817 | USA | 12/7/2018 | $ 10,000.00 | $ 40,625.00 | INVESTOR PAYMENT |
| LEGAL ORDER, LTS | | | | | | 6/8/2018 | $ 67,597.10 | $ 130,833.98 | UNKNOWN |
| LEGAL ORDER, LTS | | | | | | 6/8/2018 | $ 1,029.99 | $ 130,833.98 | UNKNOWN |
| LEGAL ORDER, LTS | | | | | | 4/2/2018 | $ 61,341.14 | $ 130,833.98 | UNKNOWN |
| LEGAL ORDER, LTS | | | | | | 11/27/2017 | $ 865.75 | $ 130,833.98 | UNKNOWN |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| LEVY STOPOL AND CAMELO LLP | 1425 RXR PLAZA | UNIONDALE | NY | 11556 | USA | 8/16/2019 | $ 104,000.00 | $ 104,000.00 | CONFESSED JUDGMENT PROMISSORY NOTE |
| MATHEW WAYLAND AND DAMIANI & DAMIANI | 604 CAMERON STREET | ALEXANDRIA | VA | 22314 | USA | 1/9/2019 | $ 23,883.35 | $ 41,883.35 | COMMISSION / LEGAL SETTLEMENT |
| MATHEW WAYLAND AND DAMIANI & DAMIANI | 604 CAMERON STREET | ALEXANDRIA | VA | 22314 | USA | 3/22/2019 | $ 18,000.00 | $ 41,883.35 | COMMISSION / LEGAL SETTLEMENT |
| MIKE DANIELS | | | | | | 12/6/2018 | $ 5,485.84 | $ 5,485.84 | INVESTOR PAYMENT |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 10/31/2018 | $ 2,900.00 | $ 11,120.00 | INSIDER |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 5/1/2018 | $ 220.00 | $ 11,120.00 | INSIDER |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 3/22/2018 | $ 3,000.00 | $ 11,120.00 | INSIDER |
| NIHAT CARDAK | 13306 STURNO DRIVE | CLIFTON | VA | 20124 | USA | 3/13/2018 | $ 5,000.00 | $ 11,120.00 | INSIDER |
| PAUL LIT | 500 S CORONA STREET | DENVER | CO | 80209 | USA | 8/7/2019 | $ 21,675.00 | $ 41,675.00 | INVESTOR PAYMENT |
| PAUL LIT | 500 S CORONA STREET | DENVER | CO | 80209 | USA | 2/5/2019 | $ 20,000.00 | $ 41,675.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 5/23/2019 | $ 20,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 4/15/2019 | $ 50,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 3/28/2019 | $ 30,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 2/14/2019 | $ 40,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 2/1/2019 | $ 50,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 12/18/2018 | $ 5,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 12/4/2018 | $ 15,000.00 | $ 211,400.00 | INVESTOR PAYMENT |
| RICHARD CUNNINGHAM | 1330 CONNECTICUT AVE NW #700 | WASHINGTON | DC | 20036 | USA | 4/23/2018 | $ 1,400.00 | $ 211,400.00 | INVESTOR PAYMENT |
| ROBERT G HISAOKA | 1175 ORLO DR | MC LEAN | VA | 22102 | USA | 7/13/2018 | $ 205,277.79 | $ 205,277.79 | INVESTOR PAYMENT |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 8/2/2018 | $ 40,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 5/15/2018 | $ 6,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 5/15/2018 | $ 1,759.60 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 5/4/2018 | $ 7,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 5/2/2018 | $ 8,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 4/17/2018 | $ 5,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 4/13/2018 | $ 12,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 4/4/2018 | $ 8,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 4/2/2018 | $ 18,000.00 | $ 147,759.60 | INSIDER |

6.13

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 4/2/2018 | $ 10,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 3/20/2018 | $ 12,000.00 | $ 147,759.60 | INSIDER |
| ROBERT P BERNARDI | 1210 SUFFIELD DRIVE | MCLEAN | VA | 22101 | USA | 1/17/2018 | $ 20,000.00 | $ 147,759.60 | INSIDER |
| SCOTT SAUNDERS | 4100 BROMLEY LANE | RICHMOND | VA | 23221 | USA | 12/3/2018 | $ 21,875.00 | $ 72,875.00 | INVESTOR PAYMENT |
| SCOTT SAUNDERS | 4100 BROMLEY LANE | RICHMOND | VA | 23221 | USA | 11/20/2018 | $ 25,000.00 | $ 72,875.00 | INVESTOR PAYMENT |
| SCOTT SAUNDERS | 4100 BROMLEY LANE | RICHMOND | VA | 23221 | USA | 10/3/2018 | $ 26,000.00 | $ 72,875.00 | INVESTOR PAYMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 6/5/2018 | $ 25,000.00 | $ 72,610.92 | COMMISSION PAYMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 5/29/2018 | $ 1,200.00 | $ 72,610.92 | TRAVEL EXPENSE REIMBURSEMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 5/24/2018 | $ 2,000.00 | $ 72,610.92 | UNKNOWN |
| SKR GLOBAL ADVISERS, LLC | | | | | | 5/18/2018 | $ 2,500.00 | $ 72,610.92 | UNKNOWN |
| SKR GLOBAL ADVISERS, LLC | | | | | | 3/16/2018 | $ 3,000.00 | $ 72,610.92 | PAYMENT ADVANCE |
| SKR GLOBAL ADVISERS, LLC | | | | | | 2/9/2018 | $ 4,861.60 | $ 72,610.92 | TRAVEL EXPENSE REIMBURSEMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 1/30/2018 | $ 4,669.90 | $ 72,610.92 | TRAVEL EXPENSE REIMBURSEMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 12/27/2017 | $ 4,835.40 | $ 72,610.92 | TRAVEL EXPENSE REIMBURSEMENT |
| SKR GLOBAL ADVISERS, LLC | | | | | | 12/19/2017 | $ 7,319.02 | $ 72,610.92 | TRAVEL ADVANCE |
| SKR GLOBAL ADVISERS, LLC | | | | | | 12/13/2017 | $ 4,500.00 | $ 72,610.92 | EXPENSE ADVANCE |
| SKR GLOBAL ADVISERS, LLC | | | | | | 12/4/2017 | $ 8,035.00 | $ 72,610.92 | TRAVEL ADVANCE |
| SKR GLOBAL ADVISERS, LLC | | | | | | 11/28/2017 | $ 4,690.00 | $ 72,610.92 | TRAVEL EXPENSE REIMBURSEMENT |
| TETZLAFF LAW OFFICES LLC | 227 W MONROE STREET | CHICAGO | IL | 60606 | USA | 8/6/2019 | $ 35,000.00 | $ 85,000.00 | INVESTOR PAYMENT |
| TETZLAFF LAW OFFICES LLC | 227 W MONROE STREET | CHICAGO | IL | 60606 | USA | 3/11/2019 | $ 30,000.00 | $ 85,000.00 | INVESTOR PAYMENT |
| TETZLAFF LAW OFFICES LLC | 227 W MONROE STREET | CHICAGO | IL | 60606 | USA | 12/4/2018 | $ 20,000.00 | $ 85,000.00 | INVESTOR PAYMENT |
| TODD R. WINCUP | 1406 30TH STREET | WASHINGTON | DC | 20007 | USA | 8/14/2019 | $ 132,500.00 | $ 452,500.00 | INVESTOR PAYMENT |
| TODD R. WINCUP | 1406 30TH STREET | WASHINGTON | DC | 20007 | USA | 3/11/2019 | $ 45,000.00 | $ 452,500.00 | INVESTOR PAYMENT |
| TODD R. WINCUP | 1406 30TH STREET | WASHINGTON | DC | 20007 | USA | 3/5/2019 | $ 75,000.00 | $ 452,500.00 | INVESTOR PAYMENT |
| TODD R. WINCUP | 1406 30TH STREET | WASHINGTON | DC | 20007 | USA | 2/22/2019 | $ 100,000.00 | $ 452,500.00 | INVESTOR PAYMENT |
| TODD R. WINCUP | 1406 30TH STREET | WASHINGTON | DC | 20007 | USA | 2/4/2019 | $ 100,000.00 | $ 452,500.00 | INVESTOR PAYMENT |
| TROY TAGGART | | | | | | 2/5/2019 | $ 5,000.00 | $ 5,000.00 | INVESTOR PAYMENT |
| WHITE OAK GLOBAL ADVISORS | 1155 AVENUE OF THE AMERICAS | NEW YORK | NY | 10036 | USA | 6/10/2019 | $ 50,000.00 | $ 50,000.00 | DILIGENCE FEES |

6.13

**6.13**

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Creditor Name | Street | City | State | Zip | Country | Dates | Payment | Total Amount or Value | Reason |
|---|---|---|---|---|---|---|---|---|---|
| YVONNE BENTO KESSER | 4000 MASSACHUSETTS AVE #1437 | WASHINGTON | DC | 20016 | USA | 3/18/2019 | $    21,667.00 | $    41,667.00 | INVESTOR PAYMENT |
| YVONNE BENTO KESSER | 4000 MASSACHUSETTS AVE #1437 | WASHINGTON | DC | 20016 | USA | 2/1/2019 | $    20,000.00 | $    41,667.00 | INVESTOR PAYMENT |

6.13

**10.18**

GIGAMEDIA ACCESS CORPORATION

19-12537-KBO

| Financial Institution name and address | Last 4 of account number | Account Type | Close Date | Last balance |
|---|---|---|---|---|
| BANK OF AMERICA, N.A.<br>P.O. BOX 15284<br>WILMINGTON, DE 19850 | 4505 | BUSINESS CHECKING | OCTOBER 2019 | $ 2,644.10 |
| BANK OF AMERICA, N.A.<br>P.O. BOX 15284<br>WILMINGTON, DE 19850 | 7020 | BUSINESS CHECKING | OCTOBER 2019 | $ - |
| JPMORGAN CHASE BANK, N.A.<br>P.O. BOX 182051<br>COLUMBUS, OH 43218-2051 | 0057 | COMMERCIAL CHECKING | NOVEMBER 2019 | $ 4,075.48 |
| JPMORGAN CHASE BANK, N.A.<br>P.O. BOX 182051<br>COLUMBUS, OH 43218-2051 | 2569 | PREMIUM COMMERCIAL MONEY MARKET | NOVEMBER 2019 | $ 11,648.20 |
| M&T BANK<br>1025 HERNDON PARKWAY<br>HERNDON, VA 20170 | 6390 | ADVANCED BUSINESS CHECKING | APRIL 2019 | $ - |

# 13.26d

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Name | Address |
|------|---------|
| BALANCE POINT CAPITAL | 285 RIVERSIDE AVE #200, WESTPORT, CT 06880 |
| CRYSTAL FINANCIAL, LLC | TWO INTERNATIONAL PLACE 17TH FLOOR, BOSTON, MA 02110 |
| CUMULUS INVESTORS LLC | 2829 UNIVERSITY SE, SUITE 650, MINNEAPOLIS, MN 55414 |
| GRANT THORNTON LLP | 171 N CLARK ST, CHICAGO, IL 60601 |
| JPMORGAN CHASE BANK, N.A. | 237 PARK AVE, FLOOR 06, NEW YORK, NY 10017-3140 |
| STEPHENS INC | 111 CENTER STREET, LITTLE ROCK, AR 72201 |
| TATA CAPITAL INNOVATIONS FUND | 1101, TOWER A, PENINSULA BUSINESS PARK, GANPATRAO MARG, LOWER PAREL, MUMBAI, 400001, INDIA |
| VAULTIZE TECHNOLOGIES PRIVATE LIMITED | OFFICE NO. 908/909, TEERTH TECHNOSPACE, PUNE BANGALORE HIGHWAY, BANER, PUNE, INDIA 411045 |
| WORLD TOTAL RETURN FUND, LLLP | 233 E. REDWOOD STREET, SUITE 100, BALTIMORE, MD 21202 |

*The validity and authenticity of the financial statements provided to the parties listed above is in question*

**13.28**

GIGAMEDIA ACCESS CORPORATION

19-12537-KBO

| Name | Address | Position | Interest |
|---|---|---|---|
| GIGAMEDIA HOLDINGS CORPORATION | 607 HERNDON PARKWAY #302 HERNDON, VA 20170 | CONTROLLING SHAREHOLDER | 100% |
| JOHN DIDONATO | 1166 6TH AVE 3RD FLOOR NEW YORK, NY 10036 | CHIEF RESTRUCTURING OFFICER | 0% |
| BRETT ANDERSON | 550 WEST VAN BUREN STREET, CHICAGO, IL 60607 | DEPUTY CHIEF RESTRUCTURING OFFICER | 0% |

GIGAMEDIA ACCESS CORPORATION
19-12537-KBO

| Name | Address | Amount | Description | Dates |
|---|---|---|---|---|
| ROBERT P BERNARDI, CHIEF EXECUTIVE OFFICER | 1210 SUFFIELD DRIVE MCLEAN VA 22101 | $314,204.90 | WAGES PER W2 | 1/2019 - 10/2019 |
| ROBERT P BERNARDI, CHIEF EXECUTIVE OFFICER | 1210 SUFFIELD DRIVE MCLEAN VA 22101 | $35,000.00 | ESTIMATED WAGES | 12/2018 |
| NIHAT CARDAK, CHIEF FINANCIAL OFFICER | 13306 STURNO DRIVE CLIFTON VA 20124 | $145,813.90 | WAGES PER W2 | 1/2019 - 6/2019 |
| NIHAT CARDAK, CHIEF FINANCIAL OFFICER | 13306 STURNO DRIVE CLIFTON VA 20124 | $17,916.67 | ESTIMATED WAGES | 12/2018 |
| DANIEL  BERNARDI | 1025 MAXWELL LANE APT 1003 HOBOKEN NJ 07030 | $45,003.31 | WAGES PER W2 | 1/2019 - 10/2019 |
| DANIEL  BERNARDI | 1025 MAXWELL LANE APT 1003 HOBOKEN NJ 07030 | $10,833.33 | ESTIMATED WAGES | 12/2018 |
| HORATIUS LLC | 1025 MAXWELL LANE APT 1003 HOBOKEN NJ 07030 | $60,000.00 | CONSULTING SERVICES (PER 1099) | 1/2019 - 10/2019 |
| SOVRAN ACCOUNTING SERVICES | 13306 STURNO DRIVE CLIFTON VA 20124 | $104,000.00 | CONSULTING SERVICES (PER 1099) | 6/2019 - 10/2019 |