# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GIGAMEDIA ACCESS CORPORATION, | : | Case No. 19-12537 (KBO) |
| | : | |
| Debtor. | : | **Objection Deadline: May 11, 2021 at 4:00 p.m. (ET)** |
| | : | **Hearing Date: May 18, 2021 at 11:00 a.m. (ET)** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG CHAPTER 7 TRUSTEE, ROBERT AND DEBORAH BERNARDI, AND CYBER RELIANT CORP. PURSUANT TO FED. R. BANKR. P. 9019

Jeoffrey L. Burtch, in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate in the above-captioned chapter 7 bankruptcy case hereby files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), seeking an order approving the Settlement Agreement by and among the Trustee, Cyber Reliant Corp. ("Cyber Reliant"), and Robert and Deborah Bernardi (together, the "Bernardis," and with the Trustee and Cyber Reliant, the "Parties") a copy of which is attached hereto, incorporated herein, and marked as Exhibit "1" (the "Agreement"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Agreement. In support of the Motion, the Trustee respectfully states and represents as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

**Background**

4. On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code

5. On December 4, 2019, the Trustee was appointed as interim trustee pursuant to Section 701 of the Bankruptcy Code.

6. The Trustee now serves as trustee pursuant to Section 702(d).

7. In November 2017, the Debtor entered into a Letter of Intent ("LOI") with Cyber Reliant, setting forth the terms under which the Debtor would acquire Cyber Reliant.

8. Pursuant to the terms of the LOI, the Debtor was required to loan Cyber Reliant the sum of $250,000.00. Because the Debtor did not have the funds to make the loan, the Bernardis loaned $250,000.00 to the Debtor pursuant to a promissory note dated December 14, 2017 (the "Bernardi Note"). The Debtor thereafter made the required loan to Cyber Reliant, and Cyber Reliant executed that certain Secured Promissory Note dated December 15, 2017 in the original principal amount of $250,000.00 (the "Cyber Reliant Note").

9. On February 15, 2018, the LOI was terminated, and, pursuant to the terms of the Bernardi Note, the Debtor attempted to assign the Cyber Reliant Note to the Bernardis.

10. In July 2020, the Bernardis served Cyber Reliant with a complaint to recover amounts due under the Cyber Reliant Note. The action between the Bernardis and Cyber Reliant (the "Maryland State Court Action") remains pending in the Circuit Court for Anne Arundel County, Maryland.

11. Cyber Reliant filed a motion to dismiss the Maryland State Court Action with prejudice due to an anti-assignment clause in the Cyber Reliant Note.

4

12. After Cyber Reliant filed its motion to dismiss the Maryland State Court Action, the Bernardis approached the Trustee to solicit his assistance in collection and enforcement of rights and remedies under the Cyber Reliant Note.

13. While also negotiating with the Bernardis, the Trustee was able to negotiate terms under which Cyber Reliant would satisfy its obligations under the Cyber Reliant Note. Specifically, Cyber Reliant agreed to make monthly payments in the amount of $15,000.00 per month for three months, and $34,166.67 per month for six months.

14. The Parties were eventually able to reach an agreement resolving their respective interests in the Cyber Reliant Note and the proceeds thereof, and have entered into the Agreement to commemorate the terms of that agreement.

## Relief Requested

15. By this Motion, the Trustee respectfully seeks an order approving the attached Agreement and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Agreement.

## The Agreement

16. The complete terms and conditions of the parties' settlement are more fully set forth in the Agreement.[1] A non-exhaustive description of the material provisions of the Agreement includes the following:

    a.    Cyber Reliant will make the following payments:

        i.    The sum of $55,000.00, which shall be payable to the Bernardis, husband and wife as tenants by the entireties, as follows: $10,000.00 on the first business day of each of May, June, and July 2021, $25,000.00 on the first business day of August 2021; and

---

[1] In the event of any inconsistency between the Agreement and the summary set forth below, the Agreement shall control.

5

| | ii. | The sum of $195,000.00, which shall be payable to the Trustee as follows: $5,000.00 on the first business day of each of May, June, and July 2021, $9,166.66 on the first business day of August 2021, and $34,166.67 on the first business day of September through December 2021 and January 2022.[2] |
|---|---|---|
| b. | | So long as the Bernardis maintain the funds received pursuant to the terms of the Agreement in a segregated account, the Trustee shall not be entitled to levy, attach, or otherwise exercise any control over such funds as a means of collecting on any claims that the estate may have against either or both of the Bernardis. |
| c. | | Neither the execution nor performance according to the terms of the Agreement shall operate to compromise, settle, or otherwise affect or impair any claims that the Parties may have except for claims directly related to the Bernardi Note and the Cyber Reliant Note. |

**Basis for Relief Requested**

17. The Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing. Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). The approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)

18. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In*

---

[2] The Trustee intends to use $20,000.00 from each of the fifth through seventh installments and $15,000.00 from the eighth installment received from Cyber Reliant to repay a post-petition loan from Crystal Financial, LLC.

*re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

    a.    The probability of success in the litigation;

    b.    The complexity, expense, and likely duration of the litigation;

    c.    The possibilities of collecting on any judgment which might be obtained;

    d.    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    e.    Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved. Instead, the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

    19.    The Agreement and the proposed settlement and compromise embodied therein meet the above criteria. The Agreement will result in the receipt of substantial funds for the benefit of the estate, without the need for litigation with Cyber Reliant. In exchange for the prompt payment of amounts owed by Cyber Reliant, the Trustee is essentially only waiving the estate's right to interest on the Cyber Reliant Note. The certainty of collection afforded under the

Agreement is of such value to the estate as to warrant the estate's modest concessions to Cyber Reliant.

20. The Agreement also achieves a cost-effective resolution of the Bernardis' competing claims to the proceeds of the Cyber Reliant Note. While it appears to be the case that the Debtor's pre-petition attempt to assign the Cyber Reliant Note to the Bernardis may have been ineffective, the Trustee believes that the Bernardis may have colorable claims to any recoveries that might be realized on account of the Cyber Reliant Note based on a constructive trust or similar equitable theory.

21. Under the terms of the Agreement, the estate will avoid the cost of litigating any claims that the Bernardis may assert with respect to the Cyber Reliant Note, and substantially mitigate the risk of an adverse result. Based on the sound exercise of his business judgment, and considering the probable costs and risks of litigation with the Bernardis, the Trustee has determined that the terms of the Agreement are in the best interests of the estate.

22. In considering the value of the Agreement to the estate, it is critical to bear in mind that the Trustee is *not* granting a general release to either of the Bernardis, and the estate will retain all claims against the Bernardis other than those directly related to the Cyber Reliant Note and the Bernardi Note.

## Notice

23. The Trustee shall promptly serve a copy of this Motion on: (a) counsel to the Debtors; (b) the United States Trustee; (c) all parties who have filed proofs of claim with the Bankruptcy Court; and (d) all parties in interest having requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested herein, the Trustee submits that such notice is sufficient.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Agreement, authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Agreement, approving limited notice upon the Notice Parties as provided herein, and providing that the Bankruptcy Court retains jurisdiction to enforce the Agreement.

Dated: April 19, 2021
       Wilmington, Delaware

COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (DE No. 3919)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2028
mfelger@cozen.com

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*