# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| GigaMedia Access Corporation, ) | |
| ) | Case No. 19-12537 (KBO) |
| Debtor. ) | |
| _____) | |

## STIPULATION AND AGREEMENT
## RESOLVING CLAIM OF CRYSTAL FINANCIAL, LLC

This Stipulation and Agreement Resolving Claim (the "Stipulation") is made between the Chapter 7 trustee (the "Trustee") for the estate of GigaMedia Access Corporation, ("GigaMedia" or "Debtor") and Crystal Financial, LLC ("Crystal"), by their respective undersigned counsel.

### Background

1. On November 27, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2. Jeoffrey L. Burtch was appointed as interim trustee on or about December 4, 2019 pursuant to Section 701 of the Bankruptcy Code and presently serves as the trustee ("Trustee") pursuant to Section 702(d) of the Bankruptcy Code.

3. On December 11, 2020, Debtor's secured lender, Crystal, filed a partially unliquidated, secured proof of claim in the amount of "not less than $26,218,222.22" [Claim No. 36].

4. The Trustee has not administered any assets that were subject to Crystal's security interest.

**Agreement**

5.  The Trustee and Crystal have agreed to modify Crystal's claim as described below.

6.  Crystal shall have an allowed claim, Claim No. 36. Claim No. 36 shall be allowed in the amount of $26,218,222.22 and treated as a general unsecured claim (the "Allowed Claim").

7.  Any distribution on the Allowed Claim will be stated in the Trustee's Final Report and will be made pro rata with all other similarly classified allowed claims in the case after that Final Report is filed with and approved by the Delaware Bankruptcy Court.

8.  This Stipulation and all of its provisions are subject to approval of the United States Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction to interpret and enforce the terms and provisions of this Agreement.

9.  No alteration, amendment, change, waiver, termination or other modification of this Stipulation shall be binding upon any party hereto or have any other force or effect unless the same shall be in writing and signed by each of the parties hereto.

10. This Stipulation may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

11. The parties to this Stipulation acknowledge that this Stipulation is made for the purpose of providing for the efficient administration of this Chapter 7 case. Nothing contained herein shall constitute an admission of any fact or prejudice any question of law with respect to the subject matter of this Stipulation. In the event this Stipulation is not approved by the Court,

nothing contained herein shall constitute or be deemed to constitute an admission by any party to this Stipulation.

| | |
|---|---|
| Jeoffrey L. Burtch, solely in his capacity as the Chapter 7 Trustee for the Debtor | Crystal Financial, LLC |
| */s/ Susan E. Kaufman* <br> Susan E. Kaufman (DE Bar No. 3381) <br> Law Office of Susan E. Kaufman, LLC <br> 919 N Market St, Suite 460 <br> Wilmington, DE 19801 <br> Telephone: (302) 472-7420 <br> Facsimile: (302) 792-7420 <br> Email:skaufman@skaufmanlaw.com | */s/ John F. Ventola* <br> John F. Ventola <br> Choate Hall & Stewart LLP <br> Two International Place <br> Boston, MA 02110 <br> (617) 248-5000 <br> Fax: (617) 248-4000 <br> jventola@choate.com |
| Dated: March 12, 2024 | Dated: March 12, 2024 |

3